## WILLIAMS vs. THE STATE.

*Form of Indictment.*

An indictment in a court of this state which does not conclude " against the peace and dignity of the state" (as required by sec. 17, art. VII of the constitution) is bad; and the words "against the peace of the state of Wisconsin," are not sufficient.

ERROR to the Circuit Court for *Fond du Lac* County.
*C. K. Pier,* for plaintiff in error.
*The Attorney-General,* for the state.

LYON, J. The plaintiff in error was indicted for the murder of one Nathan Young, at the October term, 1869, of the circuit court for the county of Fond du Lac. At the same time he pleaded " not guilty " to the indictment, was tried, and convicted.

The indictment contains three counts, each of which concludes " against the peace of the State of Wisconsin." After he was convicted, the plaintiff in error moved to arrest the judgment because the indictment does not conclude in the manner provided by the constitution of this state. The circuit court denied such

motion, and judgment was thereupon entered, and the plaintiff in error sentenced by the court to confinement in the state prison at hard labor for life. The case comes to this court by writ of error, for review, and the question is, whether the circuit court should have arrested the judgment.

Art. VII., sec. 17, of the constitution provides, that " all indictments shall conclude against the peace and dignity of the state." This mandate is imperative, and an indictment which does not so conclude is necessarily bad. The courts have no authority to dispense with that which the constitution requires.

The constitutions of Virginia, Texas and Missouri contain the same provision, and it has been held by the supreme courts of the two latter states, and by the court of appeals of the former, that the conclusion required by the constitution is indispensable to the validity of the indictment. *Commonwealth v. Carney*, 4 *Grattan*, 546 ; *State v. Durst*, 7 *Texas*, 74 ; *State v. Lopez*, 19 Mo. 254.

We are of the opinion that the court below should have arrested the judgment.

*By the Court.*—Judgment reversed.