## Case No. 15,334.

### UNITED STATES v. HAYNES.

[9 Ben. 22.] [1]

District Court, E. D. New York. Jan., 1877.

OFFICIAL BOND — SUBSTITUTION OF NEW BOND — APPROVAL—LIABILITY OF SURETIES.

H., a pension agent who had given an official bond, received permission to substitute a new bond; which he did, but the bond was not approved by the secretary of the interior for two months thereafter. Two days after the approval, H. resigned, and upon a settlement of his accounts with the department was found indebted to the amount of $6,000, for which suit was brought against the sureties on the first bond. *Held*, that the approval by the secretary of the interior endorsed on the second bond did not constitute an acceptance of it to stand in lieu of the first bond, the rule of the department being proved that an accounting is required before a new bond is accepted; the bond in suit therefore was the existing bond of H. in force at the time of his resignation, and the sureties thereon are liable to the United States for the deficiency shown upon accounting.

At law.

A. W. Tenney, U. S. Atty.

E. T. Wood and A. H. & W. E. Osborn, for defendants.

BENEDICT, District Judge. This is an action brought upon a pension agent's bond, and tried before the court without a jury. The bond sued on was given by the defendant Haynes upon his appointment to be pension agent for Brooklyn, in March, 1869. It is in the sum of $150,000, and is executed by the defendant Haynes and the four other defendants. The condition of the bond is: "That whereas the president of the United States hath, pursuant to law, appointed the said Dudley W. Haynes for four years and until his successor has been appointed and qualified, an agent for paying pensions to those persons who are now on or may be hereafter inscribed on the roll of the agency at Brooklyn in the state of New York: Now, if the said Dudley W. Haynes shall truly and faithfully discharge all the duties of said office according to law and instructions, and he, his heirs, executors, or administrators, shall regularly account, when required, for all moneys received by him as agent aforesaid with such person or persons as shall be duly authorized on the part of the United States for that purpose, and also refund at any time, when required, any public moneys remaining in his hands unaccounted for, then this obligation shall be null, void and of no effect; otherwise to remain and be in full force and virtue."

The breach alleged is as follows: "That between the said 22d day of March, 1869, and the 1st day of February, 1871, the said Dudley W. Haynes as such agent received from the plaintiff the sum of $9,056.56 which

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

he has neither accounted for nor paid over to the plaintiff nor any part thereof, although duly required and demanded so to do on or about the 1st day of February, 1871."

The evidence shows that in 1870 Haynes obtained permission to substitute another bond in lieu of his original bond, the one in suit. Accordingly he tendered a bond similar in condition to the bond in suit, but it was for the sum of $300,000, and was executed by Haynes and two of the persons who were on the original bond. This second bond was dated Nov. 21, 1870. It was given to the commissioner of pensions on Nov. 25, 1870, and was on the same day referred by him to the secretary of the interior for approval. No further action appears to have been taken in the matter until January 21st, 1871, when the bond appears to have been endorsed "approved" by the secretary of the interior.

Two days afterwards, Haynes resigned his office, and was found indebted to the government for moneys unaccounted for in the sum of $6,006.36, which he was unable to refund on being then required so to do. It is to recover this sum that the present action is brought upon the first bond. On the part of the defendant it is contended that the secretary of the interior had the power to accept from Haynes a new bond in place of the first one; that in the due exercise of this power the secretary approved and accepted the bond tendered by Haynes on Nov. 25, 1870, which bond became binding as of and from the time of its delivery and thereupon the sureties upon the first bond were released from all obligation as to future defalcation, or failure to refund, and consequently, inasmuch as no requisition to refund was made until after the delivery of the second bond, no liability, it is said, has attached to the sureties upon the first bond.

It has not been contended and plainly could not be held that as matter of law the approval of a second bond, worded so as to be security for the future only, would have the legal effect to extinguish the prior bond which, by its terms, covers the whole of the agent's term. Postmaster-General v. Munger [Case No. 11,309].

The defence must rest upon a question of fact, namely, whether the second bond was ever accepted to stand in lieu of the first bond and to constitute the sole security of the government from the time of its delivery. This fact, it is supposed, has been conclusively shown by the evidence that the bond was approved by the secretary of the interior without qualification. But I am of the opinion that the mere approval of the secretary, made under the circumstances above stated, does not show such an acceptance of the second bond. Under the circumstances there was another act necessarily preliminary to such an acceptance, namely, to adjust the agent's account up to that time and determine the amount of money then in

his hands unaccounted for. Without such an accounting it would be improper, to say the least, to accept a new bond such as was here tendered, to stand in lieu of the existing security, because the second bond was drawn to be security for the future and not for the past, and from an acceptance of the second bond without an accounting it would result that while the sureties upon the second bond would only be liable for a misappropriation of the moneys in the hands of the agent at the time of accepting their obligation (U. S. v. Boyd, 15 Pet. [40 U. S.] 206) the sureties on the first bond would be wholly discharged. And so it has here been contended that no recovery can be had upon the bond in suit, because no requisition to pay over money was made prior to the approval of the second bond. Plenary evidence is therefore required to satisfy the mind that the second bond, drawn as it was to cover the future only, was accepted in lieu of the security then existing under the circumstances stated. The mere approval by the secretary, given under the circumstances stated, is not sufficient to warrant finding such an acceptance. The word "approved" endorsed on the bond by the secretary does not necessarily import more than that the bond is deemed a sufficient security to be accepted. It does not necessarily include a direction that the bond is to stand in lieu of the existing bond and that the existing bond be discharged; and in the absence of any evidence showing an intention that the endorsement should have that effect, it cannot be supposed that such was the intention. Moreover there is evidence in this case repelling such a supposition, for it appears in proof that it is an invariable rule of the department to require an accounting before a new bond is accepted in lieu of a former one. In the absence of any special circumstances this evidence tends to repel the idea that the endorsement on the second bond was intended to mean more than it says and to include an acceptance of the new security in lieu of the old. Besides this, the long delay that occurred between the tender and the approval of the bond renders it improbable that it was intended to accept it in lieu of the former one without an accounting, and the fact that the second bond was not sent to the treasury department where the agent's accounts were kept and the security therefor entered, but remained in the office of the secretary until after the commencement of this suit, tends further to show affirmatively that the approval endorsed on the second bond was but a part of the transaction that was never consummated.

A reason for its non-consummation by an accounting and order thereon may be found in the fact that when an accounting was had it disclosed the agent to be a defaulter.

My conclusion, therefore, is that the bond in suit was the subsisting bond of the agent Haynes in force at the time of his resigna-

tion, and it follows that the sureties upon the bond are liable for the deficiency shown by the treasury transcript, namely, $6,006.36 with interest.

Let judgment be entered for the plaintiff accordingly.