BLACKWELL *vs.* THE STATE OF GEORGIA.

1. While a defendant may be indicted and convicted under one indictment for forcible entry and detainer, both together constituting one offense, yet each may constitute a separate offense; and under an indictment for forcible entry and detainer, in order to support a verdict of guilty, both branches of the offense must be proved. In the absence of any proof of forcible detainer, a verdict of guilty is not supported by the evidence. Code, §§4524, 4525, 4526; 43 *Ga.*, 433.

2 The object of the statute is to prevent personal altercation and strife between parties claiming possession, and there must be force or terror tending to a breach of the peace, at least, and enough to satisfy the jury of one or the other, in order to authorize a verdict of guilty. Menaces, as well as force and arms, to or upon the occupant of the premises, make the offense. 24 *Ga.*, 191; 61 *Id.*, 496.

Judgment reversed.

February 24, 1885.

JACKSON, Chief Justice.

[Blackwell was indicted and convicted of forcible entry and detainer. The proof of force introduced by the state was as follows: The prosecutrix had been living in a certain house for some little time. The defendant told her that he wanted her to move out, so that he could have the

house, which she agreed to do as soon as she could get
another place to which to move. A few days afterwards,
the defendant drove up to the place with a wagon loaded
with his household goods, and told the prosecutrix that he
had come to move into the house. She replied that she
had not obtained another house. He said that he was
going to move in any way, and was going to put her things
out; that Judge Harrell (the owner of the house, from
whom he rented) had told him to throw her out. She
objected, and did all she could to prevent it, but he put
her property out of the house. He took the plates from
which her children were eating and threw the victuals out
of the door, and cursed and " went on outrageously," and
by force put her goods out of doors. She assisted in car-
rying some of the things, to prevent them from being
broken.

On this point, the evidence was conflicting. A motion
for a new trial was made and overruled, and defendant ex-
cepted.]