## HARDIN *v.* THE STATE.

Section 929 of the Penal Code is mandatory in its provision prescribing the form of every indictment or accusation of a grand jury. An indictment, therefore, from which there has been entirely omitted the words prescribed in the form, "contrary to the laws of said State, the good order, peace, and dignity thereof," is defective; and a special demurrer thereto by the accused made on account of such defect before trial should be sustained, and the indictment quashed.

Submitted January 16, — Decided February 2, 1899.

Certiorari. Before Judge Hart. Putnam superior court. November 8, 1898.

*Joseph S. Turner*, for plaintiff in error.
*H. G. Lewis, solicitor-general*, contra.

LEWIS, J. This case came on for trial in the county court of Putnam county, on an indictment found by the grand jury of that county, charging the accused with unlawfully selling spirituous liquors. There was an entire omission from the indictment of the following words embodied in the form prescribed by the statute for such instruments, namely:. "contrary to the laws of said State, the good order, peace, and dignity thereof." Before arraignment and plea, the accused demurred to the indictment, "because the same does not follow the form prescribed by the statute, and does not allege that the acts therein charged were 'contrary to the laws of said State, the good order, peace, and dignity thereof,' as required by the statute, and hence is fatally defective and void." The judge of the county court overruled the demurrer; whereupon the accused petitioned the superior court, praying for a writ of certiorari, alleging error in the judgment of the court overruling his demurrer. The judge of the superior court passed an order refusing to sanction this petition, which order is assigned as error in the bill of exceptions.

There can be no question that the legislature of this State has power to prescribe a particular form for an indictment by a grand jury. It can dispense with all forms and provide new ones. It can declare that no particular form is essential to the validity of such instruments, or it can imperatively require that they shall contain certain words and allegations. The simple

question then in this case is whether or not, there being no constitutional provision bearing upon the subject, the legislature of the State has, by a mandatory provision, specifically prescribed that every indictment shall contain the language referred to in the demurrer, and entirely omitted from the indictment against the accused. We think the question is answered in the affirmative by the language used in § 929 of the Penal Code, which declares that "The form of every indictment or accusation shall be as follows :" Then follows the form prescribed, concluding with the language, "contrary to the laws of said State, the good order, peace, and dignity thereof." It is true this same section of the Code provides that "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." But it is manifest that this portion of the section does not in anywise refer to the *form* of the indictment prescribed by the statute. It has reference to the *offense* itself, and to the terms and language used in describing the criminal act. It has reference to that portion of the indictment designated by parentheses in the form embodied in this section; that is, "where the offense is to be stated, and the time and place of committing the same, with sufficient certainty." The law says simply that this statement shall be sufficiently technical and correct when the offense is charged in the terms and language of the Code, or so plainly that the nature of the offense charged may be easily understood by the jury. In *Horne* v. *State*, 37 *Ga.* 80, it was decided that "An indictment should be 'in the name and behalf of the citizens of Georgia'; if these words be omitted, on exception taken at the proper time, the indictment will be quashed; such exception is not good in arrest of judgment." In that case the words quoted in the decision are as much a formal part of the instrument as the words omitted from the indictment in this case. The statute is no more mandatory in requiring that an indictment shall proceed "in the name and behalf of the citizens of Georgia" than it is in demanding that the criminal acts shall be charged as "contrary to the laws of

said State, the good order, peace, and dignity thereof." If, therefore, a demurrer is good on account of the omission of a certain portion of the form prescribed for the commencement of an indictment, we can not see why it would not be equally good on account of leaving out the words prescribed for its conclusion. In the case of *Camp* v. *State*, 25 *Ga.* 689, it was held that "An indictment concludes properly, if it follows the form prescribed by the statute." See also *Crabb* v. *State*, 88 *Ga.* 584–8, in which Justice Lumpkin stated in his opinion that it is not necessary that the indictment should specify any particular act upon which it is founded, but if it charges the criminal act was "contrary to the laws of said State, the good order, peace, and dignity thereof," it is in this respect sufficient.

We do not think the case of *Loyd* v. *State*, 45 *Ga.* 57, in conflict with our decision in this case. It appeared in that case that there were two counts in the indictment. The first count began and concluded in the form required by the statute. The second count, while it concluded with "contrary to the laws of said State," etc., omitted the words, "And the jurors aforesaid, in the name and behalf of the citizens of Georgia." These words omitted from that count, however, appeared in the first count of the indictment. It is true the statute requires that where there is more than one count, each additional count shall commence with the words quoted. The words prescribed by the form, having been used at the commencement of the indictment, might be construed as qualifying all the counts that followed. This was simply a decision by two Judges of this court that the form of an indictment, as prescribed by the law, need not be followed to the letter. It is sufficient if it conform in all material particulars. The writer is inclined to doubt the correctness of that decision. It seems to be against the decided weight of authority. In State v. Wagner (Mo.), 24 S. W. Rep. 219, a similar defect in one count in an indictment was held to be fatal. The old rule was adhered to in that case, that "every separate count should charge the defendant as if he had committed a distinct offense," and in the opinion of Sherwood, J., quite an array of authorities is cited in support of the decision. The difference, however, between the case of

*Loyd* in 45 *Ga.*, and the one we are now considering, is, that the portion of the form omitted from this indictment was not only not followed in letter, but was entirely omitted, and not followed either in spirit or substance, or by other words substantially meaning the same thing. In entire accord with the decision in this case is the opinion of Warner, J., in *Bulloch* v. *State*, 10 *Ga.* 61–63. When we consider, however, the history of technical pleading in criminal procedure, we think the question is easily solved, and that our conclusion in this case is beyond doubt correct. One special feature in an indictment recognized at common law was that it should conclude with words indicating that the acts committed were an offense against the peace and dignity of the sovereign power in whose name the accusation proceeded. In England the usual words were, "against the peace of our Lord the King [or Lady the Queen], his crown and dignity." In this country the words are simply changed to conform to the proper designation of the sovereign power, and are generally such words as are used in the statute of our State, "contrary to the laws of the State, the good order, peace, and dignity thereof." As far as our investigation has gone, which has been quite extensive, the authorities seem to be absolutely uniform, that when the rule in relation to this particular form in an indictment is expressly provided for by the written law of a State, it must be strictly applied, and the omission of the words thus formally prescribed, either by the constitution or statute of a State, is fatal. 2 Hale's Pleas of the Crown, 187 et seq.; 1 Bishop's New Crim. Proc. §§ 648, 651, 652; 10 Am. & Eng. Enc. L. 513; 10 Enc. Pl. & Pr. 441–442; State *v.* Nunn, 29 La. An. 589; State *v.* Pemberton, 30 Mo. 376; State *v.* Sims, 43 Tex. 521; Lemons *v.* State, 4 W. Va. 755; Williams *v.* State, 27 Wis. 402; Rice *v.* State, 3 Heisk. (Tenn.) 215; Holden *v.* State, 1 Tex. App. 225; Anderson *v.* State, 5 Ark. 444; State *v.* Joyner, 81 N. C. 534; State *v.* Dycer, 36 Atl. Rep. (Md.) 763; Wright *v.* State, 35 S. W. Rep. (Tex.) 150.

Some of the authorities above cited have gone to the extent of declaring that such a defect in an indictment is fatal, whether especially excepted to or not. Such is the ruling in the case

of Holden *v.* State, 1 Tex. App. 225, above cited.  This, how-
ever, is not the rule of pleading in Georgia.  § 955 of our
Penal Code provides that exceptions merely to the form of an
indictment shall be made before trial.  Others have gone to
the extent of holding that the smallest and most immaterial
variation from the words prescribed would be fatally defective.
In the case of Lemons *v.* State, 4 W. Va. 755, the Supreme
Court of that State ruled that where the constitution required
the indictment to conclude, "against the peace and dignity of
the State of *West Virginia*," the conclusion, "against the peace
and dignity of the State of W. Virginia," was not sufficient,
and was fatally defective.  The question made by this record,
however, does not require a decision on the point as to whether
any variation in the *words* prescribed in the form would neces-
sarily be fatal.  It may be that a substantial compliance with
the form by the use of terms varying a little from those pre-
scribed, but meaning identically the same thing, would be suffi-
cient.  It is contended by State's counsel, that the accused in
this case being charged with "unlawfully" selling liquors, this
substantially complies with that part of the form prescribing
the words, "contrary to the laws of said State," etc.  To this
it might be answered, that there may be an unlawful sale of
liquors against the revenue laws of the United States, without
a violation of the laws of this State regulating the sale of such
an article.  But in any event there is nothing in the indict-
ment that can possibly be urged as a compliance with the re-
maining portion of the form prescribed for the conclusion of
this instrument, to wit, contrary to "the good order, peace, and
dignity thereof."  From the authorities cited, it will be seen
that in many of the States the terms, "contrary to the statutes
or laws of the State," are not adhered to in the prescribed forms;
but it seems that words charging the criminal acts as an offense
against the dignity of the sovereign in whose name the indict-
ment is found are uniformly adhered to, unless dispensed with
by statute.  It is true, where no form is prescribed by the or-
ganic law of the State, its legislature can by statute provide
that no indictment or accusation by a grand jury shall be
deemed insufficient by reason of any defect or imperfection in

matter of form, not tending to the prejudice of the defendant. This was done by the act of Congress embodied in section 1025 of the Revised Statutes of the United States; and it was accordingly ruled, in the case of Frisbie v. United States, 157 U. S. 160–1, that by virtue of this provision in the Revised Statutes the omission to charge that the offense was "contrary to the form of the statutes in such case made and provided and against the peace and dignity of the United States" was immaterial. While in most of the cases cited above the rulings were based upon mandatory provisions of the State constitutions providing the specific words to be used in an indictment, it can make no difference whether the mandate is in the constitution or the statute law; for of course a constitutional statute is as binding upon the court as any provision in the constitution itself. In Anderson v. State, 5 Ark. 444, it was decided that the form adopted by the constitution is merely declaratory, and in affirmance of an old principle, not the creation of a new one. Sebastian, J., delivering the opinion of the court in that case, says: "This form derives no new consideration from its being found in the constitution; such would have been the rule by the law without its insertion there. It was only declaratory and in affirmance of an old principle, and not a creation of a new one. Its end and office here is the same as in England whence the form was borrowed. It is used merely as an accomplishment in the form of pleading to indicate clearly the sovereign power offended in the violation of law." In State v. Joyner, 81 N. C. 534, it was decided that an indictment, whether for a common-law or a statutory offense, which does not conclude "against the peace and dignity of the State," is fatally defective. It appears in that case that while at one time, under the constitution of North Carolina, it was required that indictments should conclude "against the peace and dignity of the State," yet, under the constitution of force when that decision was rendered (see p. 538 of opinion delivered by Smith, C. J.), this clause was left out of the organic law of the State, and that there was really no written law on the subject in that State. Notwithstanding that fact the court held that the omission of the words was a material and fatal defect.

It would seem, therefore, from the trend of authority upon the subject, that even where there is no provision in the organic or statute law of the State in reference to the matter, the courts are bound by the doctrine of the common law, that an indictment which does not conclude with words either substantially or literally that the crime charged is "contrary to the laws of the State, the good order, peace, and dignity thereof," is no indictment at all. In 10 Enc. Pl. & Pr. 441, it is declared : "It is an old rule in the law of criminal procedure that an indictment must conclude against the peace and dignity of the government whose laws have been violated, and the requirement of this conclusion, in words appropriate to our form of government, has at various times been incorporated into the organic law of many of the United States. It is also sometimes expressly provided for by statute. The rule when established by the written law is strictly applied, and the omission thus formally to conclude an indictment is fatal, except when the necessity is obviated by statutes not inconsistent with the organic law." This text is supported by a number of decisions cited in the notes. But, instead of there being any statute in Georgia which obviates the necessity of such words, we have, on the contrary, a provision mandatory by its terms, recognizing the doctrine of the old common law on the subject, and substantially engrafting its provisions in our statute. It is no answer to these views that this particular form of an indictment is purely technical, and can not possibly affect any substantial rights of the accused; that its omission from the indictment can not possibly work any prejudice or injury to the accused. The lawmaking power has a right to define what an indictment is, and prescribe such a form for it as would distinguish it from other ordinary complaints in court. When it does so prescribe in plain terms, and an instrument is presented by the grand jury of a county which does not undertake either in substance or form to comply with the requirements of the law, it is no indictment, and it is the duty of the court to so hold when the question is made in the proper time and manner, as was done in this case. As Chief Justice Bleckley said, in *Lampkin* v. *State*, 87 *Ga.* 524, "If he insists upon it, he has

a right to be tried upon an indictment good in form as well as in substance." Our system of pleading, as a rule, wisely has more regard to the substance than it has to the form of what is alleged; but notwithstanding the many changes which have been made in old usages pertaining to judicial procedure, this particular form of indictment now under consideration, which grew up with the common law of England, has not only not been dispensed with by our written laws, but by a positive statute has been engrafted on our system of criminal pleading; and therefore it still exists in this State as an ancient landmark that has survived the pruning and culture of modern legislation.

We think, therefore, the demurrer to the indictment in this case should have been sustained, and the indictment quashed; and that the judge below erred in refusing to sanction the petition for certiorari.

*Judgment reversed. All the Justices concurring.*