## JACKSON v. THE STATE.

1. The verdict was supported by the evidence, and the judge did not err in overruling the motion for a new trial.
2. Though the amendment to the motion for new trial was "allowed and ordered filed," it does not appear that the trial judge approved it or certified its grounds as true.    The assignments of error therein will, therefore, not be considered.

Submitted December 15, 1902. — Decided January 8, 1903.

Indictment for assault with intent to murder.    Before Judge Foster.    Laurens superior court.    October 25, 1902.

*Hawkins & Weddington,* for plaintiff in error.
*W. C. Davis, solicitor-general,* contra.

· SIMMONS, C. J.    Under an indictment for assault with intent to murder, Will Jackson was convicted.    He moved for a new trial on the grounds that the verdict was contrary to evidence, was

without evidence to support it, and was contrary to law. These grounds were approved by the trial judge. Subsequently an amendment to this motion was offered, and was allowed by the judge and ordered filed. At the hearing the motion was overruled, and the movant excepted.

1. After the State had made out its case and closed, the defendant sought in his statement to justify the assault, but offered no evidence save such as tended to impeach the principal witness for the State. This impeaching evidence and the statement of the defendant were evidently not believed by the jury. The evidence of the State clearly made out the offense charged, and the jury returned a verdict of guilty. The trial judge approved this verdict by overruling the motion for new trial, and this court will not interfere with his discretion in so doing.

2. There is nothing in the bill of exceptions or in the record to show that the amendment to the motion for new trial was ever approved by the trial judge or its grounds certified to be true. An approval of the amendment does not follow from its having been allowed and ordered filed. Such amendments may be, and frequently are, allowed and ordered filed subject to subsequent approval. Unless the grounds are approved or certified to be true, we have no jurisdiction to consider them. *Gamble* v. *State,* 113 *Ga.* 701; *Taylor* v. *Brown,* 114 *Ga.* 299; *Dunn* v. *State,* 116 *Ga.* 515.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*