# SINDY *v.* THE STATE.

1. Though the amendment to the motion for a new trial was "allowed," it does not appear that the trial judge approved or certified its grounds as true.   The assignments of error therein can not be considered.
2. A verdict approved by the trial judge will not be disturbed, notwithstanding it is only supported by the testimony of a single witness who was confessedly guilty of a crime involving moral turpitude, and there is evidence

tending to show the witness had made a contradictory statement and that his general character was bad. The jury had the right to believe the witness in spite of the attack made on his credibility.

Submitted April 23, — Decided May 10, 1904.

Indictment for gaming. Before Judge Hamilton. City court of Floyd county. March 22, 1904.

*H. F. Sharp* and *W. J. Neel*, for plaintiff in error.

Evans, J. 1. John Sindy was tried and convicted, in the city court of Floyd county, of the offense of playing and betting for money at a game played with dice. He filed a motion for a new trial on the general grounds, which motion was amended at the hearing and overruled. There is nothing in the bill of exceptions or the record to show any approval of the grounds in the amended motion. The endorsement on the amendment to the motion is: "Amended motion allowed. Mch. 22nd, 1904," signed by the judge. The bill of exceptions recites that the amendment was allowed, but is absolutely silent as to any approval of the recitals of fact therein contained. Unless the grounds are approved or certified as true, this court is without jurisdiction to consider them. *Jackson* v. *State*, 116 *Ga.* 834, and cit.

2. Only the grounds of the original motion, that the verdict is contrary to law and the evidence, can be considered. The indictment was against the defendant and three others. One witness testified positively that defendant played and bet for money at a game played with dice. He admitted on the cross-examination that he was serving a sentence in the chain-gang for gaming and carrying a concealed pistol; that he was twenty-seven years old, and had lived in Floyd county seven years, and was serving his sixth sentence in the chain-gang, one of which was for stealing chickens. He denied having said that he prosecuted the defendant and others named in the indictment in order to get a light sentence for himself. Four witnesses testified that they never saw defendant play and bet at a dice game, and one of the co-defendants denied any knowledge of gaming as charged in the indictment, and testified that the State's witness told him, while both were in the chain-gang serving sentences for gaming, that he prosecuted the defendant and others to get off lighter. Three witnesses testified to the bad character of the State's witness, and that they would not believe him on oath. Defendant denied his

guilt. Under this evidence the jury convicted the defendant and the trial judge approved their finding. Our system of judicial procedure vests the jury with exclusive power to decide the facts. They are of the vicinage, observe the witnesses while testifying, and have the best opportunity for applying the legal tests as to the credibility of a witness. They believed the sole witness for the State, as they had a right to do; and their verdict, approved by the judge, will not be disturbed. *Davis* v. *State*, 94 *Ga.* 399.

*Judgment affirmed. All the Justices concur.*