## WILLIAMS *v.* THE STATE.

1. Unless the recitals of fact contained in a ground of a motion for a new trial are approved or certified as true by the trial judge, the errors therein alleged can not be considered.   The simple allowance of an amendment to the motion does not amount to an approval.
2. To constitute forcible entry there need be only such a number of persons or show of force as is calculated to deter the person in possession from undertaking to send them away or retain his possession.   It is not necessary that the party in possession resist to such an extent that he is actually assaulted.

Submitted June 20, — Decided July 12, 1904.

Accusation of forcible entry.   Before Judge Carter.   City court of Baxley.   April 25, 1904.

*Thomas & Parker*, for plaintiff in error.
*N. J. Holton, solicitor*, contra.

EVANS, J.   Williams and Deen both claimed the right of possession of a certain house.   Deen moved his tenant, Jones, into the house about which there was a disputed ownership.   The next day after Jones moved in, the defendant, Williams, armed with a gun and accompanied by his son-in-law and several persons, came to the disputed tenement and demanded possession of the same from Jones and his wife, in very emphatic language.   Defendant asked Mrs. Jones for the keys, and, upon her refusal to surrender them, said to her that if she did not give possession of the house there would be a worse time than there ever had been; that he

was going to have possession right then or die and go to hell. After this emphatic deliverance Mrs. Jones opened the door and Williams entered the house. Mrs. Jones then announced that she would move out. She further testified that defendant's gun and threats did not have any effect on her, except she was afraid that her husband would get mad and lose his head. The husband testified that he gave up possession because he did not want any disturbance and did not want to be burned out. This was substantially the State's case on the trial of an accusation against Williams for the forcible entry of this house. The testimony of the defendant's witnesses tended to contradict the account of the occurrence as detailed by Jones and his wife, who were the only witnesses for the State. The jury found the defendant guilty; he moved for a new trial on the general grounds that the verdict was contrary to law and the evidence. On the hearing of the motion an amendment was allowed by the court, and the motion for a new trial was overruled. It is to this judgment the defendant excepts.

1. This court can not consider the error assigned in a ground of a motion for a new trial unless the recitals of fact are either approved or certified. The grounds of movant's amendment to the motion were not approved. The order of the judge was as follows: "The within amendment of G. W. Williams of his motion for new trial is hereby considered and allowed." This did not amount to an approval. *Sindy* v. *State*, 120 *Ga.* 202; *Jackson* v. *State*, 116 *Ga.* 834.

2. "Forcible entry is the violently taking possession of lands and tenements with menaces, force and arms, and without authority of law." Penal Code, § 338. To constitute forcible entry there need be only such a number of persons or show of force as is calculated to deter the person in possession from undertaking to send them away or retain his possession. It is not necessary that the party in possession shall offer such resistance that the entry is accomplished by actual violence. *Chambers* v. *Collier*, 4 *Ga.* 196; *Lissner* v. *State*, 84 *Ga.* 669; *Lewis* v. *State*, 99 *Ga.* 692. As was said in *Blackwell* v. *State*, 74 *Ga.* 816, the object of the statute is to prevent a breach of the peace; and if the circumstances are such as to show a terror tending to a breach of the peace, a verdict of guilty would be authorized. We think the testimony offered by the State brings this case within the rule announced in *Black-*

*well's* case. The jury had the right to believe the State's witnesses, and the evidence was sufficient to sustain the verdict.

*Judgment affirmed. All the Justices concur.*