BINYARD *et al. v.* THE STATE.

</div>

EVANS, J. 1. The Supreme Court is without jurisdiction to pass upon the merits of any bill of exceptions the recitals of fact in which are not duly certified to be true. Civil Code, § 5526; *Cade* v. *DuBose*, 125 *Ga.* 832, and cit.

(a) Exceptions pendente lite must be not only tendered within the time prescribed by statute, but, if "allowed" in the trial court (Civil Code, § 5526), also "certified to be true by the judge and ordered to be placed on the record." Civil Code, § 5541; *Howard* v. *Chamberlin*, 64 *Ga.* 684, 694; *Nacoochee Co.* v. *Davis*, 40 *Ga.* 309.

(b) Merely granting leave to file a paper, or ordering that it be made a part of the record, does not amount to a certificate verifying the same. *Jackson* v. *State*, 116 *Ga.* 834; *Williams* v. *State*, 120 *Ga.* 488. So an endorsement entered upon a bill of exceptions and signed by the presiding judge, to the effect that the exceptions were "filed" on a specified day, can not be regarded as the legal equivalent of a certificate that the recitals of the bill of exceptions are true.

2. The evidence for the State made out the charge as laid in the accusation, and there was no error in overruling the motion for a new trial, in which the only complaint made by the accused was that the evidence did not warrant the verdict of guilty.

<div align="center">

*Judgment affirmed. All the Justices concur.*

Argued October 18,—Decided November 9, 1906.

</div>

Accusation of attempting to prevent laborer from working. Before Judge Norwood. City court of Savannah. September 7, 1906.

An accusation under the Penal Code, §123, charged Binyard and Brown with having, on August 1, 1906, by threats attempted to prevent Amos Wright from engaging in, remaining in, or performing his duties as a laborer in the employment of the Smith & Kelly Company. On the trial there was evidence to the effect that the Smith & Kelly Company were engaged in business in the city of Savannah, as stevedores, and that on the date named in the accusation, Amos Wright was in their employment as a laborer; that the accused had also been in their employment, but, together with other employees, were then out on a strike. Amos Wright testified: "On August 1, after I came home from my day's work, I was home at my house, and . . Binyard and Brown came up there and say, 'Amos, I heard that you are working.' He said, 'You better not go back on that work again. If so, you will be hurt.' I told them, 'I have to work, because I got a wife and children, and I got nothing to live off of, and I have to work.' He said, 'Don't you go back there;' and I said, 'Yes, I will go back there just the same.' So I went back to work, and on Saturday night of the same week Binyard (this one here) came to my house again and told me he wanted to see me. I said I would not go out of my house at night to see anybody. He said I must be at the meeting before I go back to work. I told him I would have to go back to work, I got nothing to live off of. He said I would be hurt if I go back to work. . . I did not go on the strike. . . These men never did anything to me, never attempted to strike me. Nobody ever hit me, nobody followed me up when I went to work. Nobody prevented me from going to work. . . I reported to Mr. Rose the next day about these men trying to keep me from going to work; that is what they did, but I went to work just the same." Wright's testimony was contradicted by the accused and other witnesses.

The judge, who tried the case without a jury, found the accused guilty, and they moved for a new trial, on the grounds that the finding was contrary to law and the evidence; the motion was overruled, and they excepted. The bill of exceptions contained an assignment of error on exceptions pendente lite to the overruling of a demurrer, which exceptions it states were "allowed" by the court. The exceptions pendente lite are followed by these words: "Exceptions filed this Aug. 18th, 1906. T. M. Norwood, Judge City

Ct. Savannah;" but no other certificate of the judge appears in connection with them.

*George W. Owens,* for plaintiffs in error.

*W. W. Osborne, solicitor-general,* and *Garrard & Meldim,* contra.