# THE STATE OF MISSOURI, Respondent, v. CLAYTON H. CAMPBELL, Appellant.

### Kansas City Court of Appeals, May 17, 1909.

1. DRAMSHOPS: Local Option: Notice of Election. Notice of a local option election was first published on February 8. Its fourth publication was on March 1. The fifth insertion was made also in the next issue of the paper. The election was held on March 13th. *Held*, the publication of the notice was sufficient.

2. ——: ——: ——: Proof of Publication: Record. The record shows that proof of publication of notice of a local option election was made in due time but lost and that the publisher after the defendant was indicted filed another proof to supply the lost one. *Held*, sufficient proof of publication. Besides the State does not have to show that notice of election was given.

3. ——: ——: Indictment: Adoption of Law. An indictment for selling liquor in violation of the local option law alleged that the "law was legally approved by the people, etc., and

went into force and effect in said county on, etc., which law had been in effect from and since said date and is at this time in force, etc.," is sufficient averment of the adoption of the law in the county, notwithstanding there is a difference between "approved" and "adopted."

Appeal from Dallas Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*J. W. Farris,* for appellant, filed argument.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for respondent.

(1) The information is sufficient. State v. Searcy, 39 Mo. App. 393; State v. Hutton, 39 Mo. App. 410; State v. Prather, 41 Mo. App. 451; State v. Handler, 178 Mo. 38; R. S. 1899, sec. 3032. (2) The constitutionality of the Local Option Law has been many times sustained by this court. State v. Handler, 178 Mo. 38; State v. Dugan, 110 Mo. 138; State v. Watts, 111 Mo. 553; State v. Searcy, 111 Mo. 236. (3) A certified copy of the result of a local option election as spread upon the records of the county court, and proof of the subsequent publication of the result in compliance with the statute, sufficiently shows that the local option law is in force in the county. State v. Searcy, 46 Mo. App. 421; State v. Searcy, 111 Mo. 236. (4) The notice of election must be given for twenty-eight days under the local option law, which notice, if in a weekly paper, requires five insertions, and the election can take place on any of the ten days next following the fifth insertion. State v. Dobbins, 116 Mo. App. 29. (5) The prescribed publication of the result of a local option election is not required to be proved in any particular form or manner. It may be established by the oral testimony of the publisher or of any competent witness. State v. Baker, 36 Mo. App. 58.

BROADDUS, P. J.—The defendant was indicted for a violation of the Local Option Law, tried and con-victed. From the judgment of conviction, he appealed.

It is contended that notice of the election for the adoption of the law was not published, as provided by section 3029, Revised Statutes 1899. This section reads as follows: "Notice of such election shall be given by publication in some newspaper published in the county, and such notice shall be published in such newspaper for four consecutive weeks, and the last insertion shall be within ten days next before such election." The order of the county court directed the publication in the language of the section. The first insertion in the news-paper was February 8th and the fourth insertion was on March 1st, and the election was held on March 13th, so that the fourth insertion was more than ten days next before the day of the election. A fifth insertion was made of the notice and within ten days of the election. A case on a similar state of facts was before this court, wherein it was held that the statute had been complied with as to such publication. We feel that we could not add anything to the force of the opinion delivered by ELLISON, Judge, and therefore deem it unnecessary to discuss it further. [State v. Dobbins, 116 Mo. App. 29.]

It is urged that the order of the county court de-claring the Local Option Law adopted does not refer to the fact that any proof of publication was filed in the court, or any evidence produced showing that notice of election had been published; therefore, the court had no jurisdiction to declare the law adopted. The record shows that the affidavit of the publisher had been filed with the court in due time, but had been lost, and after defendant had been indicted the publisher filed another for the purpose of supplying the place of the one lost. This was sufficient. And it has recently been held that "In a prosecution for the sale of liquor in violation of the Local Option Law, the State does not have to show as a part of its case that notice of the election was given,

though without such notice the election would be void." [State v. Foreman, 121 Mo. App. 502; State v. Bush, —— Mo. App. ——.]

The fourth contention of defendant is that the indictment is insufficient for the reason that it fails to state that the law had been adopted in Dallas county. The indictment does not in so many words allege that the law was adopted by the people of the county, but it does allege that defendant "did then and there in violation of article 3 of chapter 22 of the Revised Statutes of 1899, commonly called the Local Option Law, which law was legally approved by the people of Dallas county and went into force and effect in said county on the 15th day of June, 1906, which law has been in effect from and since said date and is at this time in force . . . did then and there unlawfully sell," etc.

It is held that "An indictment for the violation of act of Legislature . . . commonly known as the Local Option Law need not recite in detail the manner in which the law was adopted, but the adoption of the law is sufficiently pleaded if the indictment states that it has been duly adopted and was in force at the place and time at which the offense is laid." [State v. Searcy, 39 Mo. App. 393; State v. Prather, 41 Mo. App. 451.]

There is certainly a difference in the meaning of the words, adopted and approved. To approve a thing and to adopt is a different matter. One might approve, but at the same time fail or refuse to adopt a given thing. But we think the indictment is sufficient notwithstanding it fails to use the word, adopted. To say that the people adopted the Local Option Law is but the statement of a conclusion to the effect that it was in force in the county. And the statement that the law was in force in the county at the time is equivalent to saying that the people had adopted it.

Finding no error in the record, the case is affirmed. All concur.