### ROUNTREE *v.* GIBBS *et al.*

The bill of exceptions not having been certified by the judge as true, the writ of error is dismissed.

No. 3542. AUGUST 2, 1923.

Writ of error; from Bryan superior court.

*J. P. Dukes* and *E. D. Graham,* for plaintiff in error.

*Fred M. Harris* and *J. Wade Johnson,* contra.

HILL, J. The trial judge signed the following certificate to the bill of exceptions in this case: "I do hereby certify that the foregoing bill of exceptions contains all the evidence and specifies all of the record material to a clear understanding of the errors

complained of; and the clerk of the superior court of Bryan County is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the October term, 1922, of the Supreme Court, that the errors alleged to have been committed may be considered and corrected. The above and foregoing bill of exceptions was tendered on the 30th day of October, 1922, but could not be signed and certified until this date, owing to the absence of the judge attending official engagements. This 25th day of November, 1922." The foregoing certificate does not contain the statement that the bill of exceptions is true; and therefore the Supreme Court is without jurisdiction to entertain or decide the questions raised by the bill of exceptions. The writ of error is therefore dismissed. *Prater* v. *Prater,* 140 *Ga.* 326 (78 S. E. 1008); *Pye* v. *Pye,* 141 *Ga.* 21 (80 S. E. 287); *Houston* v. *Postell,* 141 *Ga.* 792 (82 S. E. 148); and other decisions to the same effect by six Justices; *Elders* v. *Bancroft-Whitney Co.,* 6 *Ga. App.* 167 (64 S. E. 714); *Bailey* v. *Guthrie,* 1 *Ga. App.* 350 (58 S. E. 103).

*Writ of error dismissed. All the Justices concur.*

Russell, C. J., concurring specially. The judgment of the court dismissing the writ of error in the present case follows the uniform rule of this court under similar circumstances, where there are defects in the certificate of the judge to the bill of exceptions. In addition to the authorities cited there could be added perhaps two hundred more to the same effect since the question was first presented to this court. In my experience as a judge of the Court of Appeals I have several times necessarily made the same ruling (as in *Elders* v. *Bancroft-Whitney Co.,* supra), because by the terms of the constitution of this State the Court of Appeals is required to follow the decisions of the Supreme Court as precedents. It is perfectly plain in this case that the learned trial judge must have overlooked the omission of the words " is true " between the words " bill of exceptions " and " contains," and it is equally plain that he intended to certify as true all of the recitals in the bill of exceptions itself, as well as to state that it " contains all the evidence and specifies all of the record material," etc.; for he inserts into the certificate these words: " The above and foregoing bill of exceptions was tendered, . . but could

not be signed and *certified* [italics mine] until this date, . ."
thus showing beyond question that the judge in good faith con-
sidered the paper to which he was attaching his certificate to be
what he denominated it — a bill of exceptions; and of course no
paper can be called a bill of exceptions, properly speaking, until
its statements have been verified by the trial judge.

Guided alone by the authorities in this court as embodied in its
decisions, I can readily agree that the writ of error should be dis-
missed. But I entertain grave doubt as to the soundness of a rule
which openly violates a legislative enactment which is an express
mandate directing us to make a ruling exactly contrary to our
holding. By reason of the fact that this court had for years dis-
missed many writs of error for defects in the certificate of the
judge to the bill of exceptions, similar to and identical with that
now before us, the General Assembly in 1893 (Acts 1893, p. 52)
passed " an act to regulate the practice before the Supreme Court;
to prevent the dismissal of cases therein on technical grounds; to
make the duty of judges certifying to bills of exception to look
to the sufficiency and formality of the certificates thereto, and to
prevent prejudice to parties from the failure of the judge to
properly discharge this duty," etc. It is now embodied in § 6147
of the Civil Code of 1910, in the following words: " It shall be
the duty of the judge, to whom any bill of exceptions is presented,
to see that the certificate is in legal form before signing the same;
and no failure of any judge to discharge his duty in this respect
shall prejudice the rights of the parties by dismissal or otherwise."
In the original act it is declared in section 1 that " it shall be ' un-
lawful ' [italics mine] for the Supreme Court of Georgia to dis-
miss any case now pending in or hereafter carried to that court
by writ of error or bill of exceptions, for any want of technical
conformity to the statutes or rules regulating the practice in carry-
ing cases to that court, where there is enough in the bill of ex-
ceptions or transcript of the record presented, or both together, to
enable the court to ascertain substantially the real questions in the
case, and which the parties seek to have decided therein." The
second section of the act in express terms makes it the " duty of the
judge of the superior court or city court, to whom any bill of ex-
ceptions is presented, *to see to it* that the certificate to such bill of
exceptions is in sufficient and proper legal form before signing the

same; *and no failure of any such judge to discharge his duty in this respect shall result in prejudice to the rights of the parties by dismissal of the writ of error or otherwise."* Under the decision of this court in *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518), the adoption of the matter embodied in the Code of 1895 (Acts of 1895, p. 98) which could be constitutionally enacted by the legislature became a part of the law of the State. The same provision with reference to the dismissals of writs of error is contained in the Code of 1910; and therefore when the legislature in 1910 (Acts of 1910, p. 48) adopted the later Code, section 6147 was made a part of the law of this State.

In spite of decisions prior to 1910 or any others, can I, as a member of this court, defy a law of the State which expressly says that this writ of error shall not be dismissed because the judge did not perform his duty of preparing a proper certificate or of having copied for him the form of certificate set forth in § 6145 of the Code of 1910? I realize the force of the argument that there is a lack of jurisdiction of a writ of error where apparently the judge does not verify the recitals of the bill of exceptions, and lack of jurisdiction is fatal to any consideration of any matter. But the law says that no defect in the bill of exceptions shall prejudice the right of the plaintiff in error to have his cause adjudicated, and especially that the writ shall not be dismissed for any defect in the certificate, it being the sole duty of the judge to see to it that it is in sufficient and proper legal form. While it is true that under our practice and all prior rulings the failure of the judge to do his duty by putting into his certificate the words " is true " deprives us of jurisdiction, has this court the power or the right to so hold when the legislature has declared that there may be jurisdiction even though the certificate is fatally defective if the judge has failed to do his duty? If the decisions require us to take this view of the matter, this position can only be maintained upon the theory that the three departments of government, executive, judicial, and legislative, being independent of each other under the terms of the constitution, the legislature had no power to pass the act of 1893, supra, and that that act is unconstitutional and void as an improper invasion of the right of this court to fix its own rules of practice, regardless of any view en-

tertained by the General Assembly. Upon this theory only can I agree to the result reached in this case, that the act of 1893 as embodied in the Code was an unwarranted attempt on the part of the legislative branch to interfere with the constitutional prerogative of this court, whereby the law is unconstitutional and void.