MacNEILL, treasurer, *v.* MADDOX.

No. 14268. OCTOBER 23, 1942. REHEARING DENIED NOVEMBER 13, 1942.

*Ralph H. Pharr, W. S. Northcutt,* and *E. Harold Sheats,* for plaintiff in error.

*Philip Etheridge, Woodruff & Ward, James A. Branch,* and *Thomas B. Branch Jr.,* contra.

GRICE, Justice. Accompanying his motion for rehearing, defendant in error moves to dismiss the writ of error, because of lack of jurisdiction of this court, for that the certificate to the bill of exceptions does not certify the same to be true, nor is there a certificate that the bill of exceptions specifies all of the record material to a clear understanding of the errors complained of. The certificate in the instant case is as follows: "Read and considered. The foregoing bill of exceptions is hereby approved and certified, and all of the recitals of fact contained therein are approved. Let the clerk of the superior court prepare such portions of the record as are specified, and transmit them without delay, together with this bill of exceptions, to the present term of the Supreme Court of Georgia, in order that the errors alleged to have been committed may be considered and corrected. This 9th day of June, 1942. [Signed] A. L. Etheridge, Judge of Fulton Superior Court."

The rule that no motion to dismiss a writ of error will be considered unless notice of such motion and of the grounds thereof, in writing, be given to counsel for plaintiff in error, as required by the rule of this court, has no application when upon an examination of the record it is revealed that the court has no jurisdiction. *Teasley* v. *Cordell,* 153 *Ga.* 397 (112 S. E. 287) ; *Meadows* v. *Simmons,* 155 *Ga.* 834 (118 S. E. 425). While the case is still before this court on motion for rehearing, it is not too late to dismiss a writ of error when there is lack of jurisdiction to entertain the same. "If the court has no jurisdiction, it will dismiss the writ whenever and wherever this may appear." Code, § 24-4537.

It has uniformly been held that when the certificate to the bill of exceptions fails to certify that the same "is true," as required by the Code, § 6-806, this court is without jurisdiction to pass upon the merits of the exceptions, and that the writ of error must be dismissed. The last of a long list of cases so holding is *Etheridge* v. *Henderson,* 188 *Ga.* 189 (3 S. E. 2d, 674). It is belived there can be found no instance where this court has hesitated to dismiss a writ of error when the certificate did not in so many words certify that the bill of exceptions was true. In one case the Court of Appeals of this State refused to dismiss, on the ground

804

that the judge certified that the bill of exceptions was "due," instead of "true," because, said that court, "it being manifest, from the context, that this was a mere clerical error, and that his intention was to certify that the bill of exceptions was true." *Kerr* v. *Holder*, 13 *Ga. App.* 9 (78 S. E. 682).

But it is said, since the certificate recites that "The foregoing bill of exceptions is hereby approved and certified, and all of the recitals of fact contained therein are approved," that this is an unqualified verification, and therefore is the equivalent of certifying that the bill of exceptions is true. We are in the brief referred to Webster's New International Dictionary as defining the word "approve" to mean: "1. To demonstrate the truth or correctness of; to establish as a fact; to corroborate; to authenticate. . . 3. To sanction officially; to ratify; to confirm." And as defining "verify" as meaning: "1. To prove to be true; to establish the truth of; to confirm. . . 3. To confirm or establish the authenticity of; to authenticate; to prove." The New Merriam edition of the same dictionary contains not only the meanings given above under "1" and "3," but others as well. For instance under "2" it is stated that the word "approve" means, among other things, "to exhibit." Other definitions of the word there given are: "4. To have or express a favorable opinion of; to think well of. 5. To make or show to be worthy of approbation or acceptance." And additional meanings of the word "verify" are there given as follows: "To confirm the truth or truthfulness of; to check or test the accuracy or exactness of." "4 (a) To make appear true. (b) To maintain; affirm; (c) to support; second; back as a friend."

The courts have given various definitions of the word "approve" and "approved." In Western Hospital Association *v.* Industrial Accident Board, 51 Idaho, 334 (6 Pac. 2d, 845, 848), it was held that "approve" means to regard or comment upon as worthy of acceptance, commendation or favorable attention; form or express a favorable judgment concerning; treat, receive, or present with favor; commend; to be satisfied with; to confirm, ratify, sanction, or consent to some act or thing done by another; to sanction officially; to pronounce good; think or judge well of; admit the propriety or excellence of; be pleased with. In State *v.* Smith, 23 Mont. 44 (57 Pac. 449), the definitions of the word "approve"

were: to pronounce good; think or judge well of; admit the propriety or excellence of; be pleased with; commend. In Long *v.* Needham, 37 Mont. 408 (96 Pac. 731), the definitions were: To sanction officially; to ratify; to confirm. In Ashby *v.* Peters, 128 Neb. 338 (258 N. W. 639, 99 A. L. R. 843), the word was held to mean: sanction officially; to regard as good; to commend. In State *v.* Rhein, 149 Iowa, 76 (127 N. W. 1079), it was held that to "approve" is in its essential and most obvious meaning to confirm, ratify, sanction, or consent to some act or thing done by another. In State *v.* Campbell, 137 Mo. App. 105 (119 S. W. 494), it was said that an indictment alleging that the local option law had been legally "approved" did not allege that it had been legally "adopted," since one may approve, and at the same time fail to adopt a thing. In People *v.* Patton, 223 Ill. 379 (79 N. E. 51), it was held that under an ordinance requiring that the street committee of a village should certify to a bill of costs for the construction of a public improvement, the marking of the bill of costs "approved" did not amount to a certification of the bill. And in United States *v.* Haynes, 26 Fed. Cas. 238, it was held that "approved," as endorsed on an official bond by the Secretary of the Interior, merely imports that the bond is deemed a sufficient security to be accepted, and does not necessarily constitute a direction that the bond is to be accepted in lieu of an existing bond, and that the existing bond is to be discharged.

In Reiniger *v.* Besley, 16 Ariz. 161 (141 Pac. 574, 575), it was ruled that "approved" is not the equivalent of "certified to be correct," in a statute requiring that where a bill of exceptions is presented to the trial judge "he shall certify thereto that the same is correct." The following is an excerpt from the opinion: "By an unwarranted and liberal indulgence in presumptions, 'approved,' as herein used, might be construed as the equivalent of the certificate required by section 614, R. S. 1913, but that is not the ordinary meaning of the word 'approved.'"

With the various renderings of the word "approved" as indicated above, we are asked to rule that it means that the bill of exceptions is true. It may mean that; it may not. Cases can reach this court from the trial court only by writ of error. The Code declares that the certificate of the judge to the bill of exceptions shall be the writ of error. § 6-807. "The form of the certificate

of the judge to the bill of exceptions shall be as follows: 'I do certify that the foregoing bill of exceptions is true,'" etc. § 6-806. In a matter of this kind, the General Assembly, by legislative enactment, can virtually transmute form into substance by prescribing a particular form for the certificate. And this has been done. Compare *Hardin* v. *State,* 106 *Ga.* 384 (32 S. E. 365, 71 Am. St. R. 269). It seems to us that when the General Assembly has prescribed the form of the certificate, and says that it "shall be as follows," the least the excepting party could do would be to have his bill of exceptions certified as true. In the first case ever to reach this court, *Truluck* v. *Peeples,* 1 *Ga.* 1, it was said: "It is very important for the correct administration of the law, as well as for his own justification, that the circuit judge in the language of the legislature should see to it, that the bill of exceptions *'be true and consistent with what has transpired in the cause before him,'* for upon his paper, and the transcript of the record *alone,* all matters in this court must be heard and determined." It has been held that this court is without jurisdiction to pass upon the merits of any bill of exceptions the recitals of fact in which "are not *duly* certified to be true." (Italics ours.) *Binyard* v. *State,* 126 *Ga.* 635 (55 S. E. 498); *Prater* v. *Prater,* 140 *Ga.* 326 (78 S. E. 1008). In *Cady* v. *Cady,* 161 *Ga.* 556 (131 S. E. 282), reiterating the rule that to give this court jurisdiction the judge's certificate to the bill of exceptions must state that it is true, and that for lack of such certificate the bill of exceptions will be dismissed, it was ruled that "This is not such a 'want of technical conformity to the statutes or rules regulating the practice in carrying cases to' this court as comes within the scope of the act of Dec. 18, 1893 (Acts 1893, p. 52), now embodied in the Civil Code (1910), § 6147; and this statute will not prevent the dismissal of the bill of exceptions for the lack of such certification," citing *Rountree* v. *Gibbs,* 156 *Ga.* 170 (118 S. E. 654). If it should be held that "approved" was the equivalent of certifying that it was true, or that anything less than the words prescribed by the statute would suffice, we would enter upon a field of uncertainty in a matter where the law intended that certainty should prevail. The door would be opened for the use of synonyms and phrases claimed to be of similar import to the one here involved; and the task would be to determine whether the judge meant only to say, in effect,

"I approve of this case being taken to a court of review," or "I hereby exhibit the plaintiff in error's contentions," or "I think well of this effort to review the decision," or similar words of willingness or commendation, or whether he meant to certify that the bill of exceptions was true. Suppose, instead of certifying that "the foregoing bill of exceptions is true," etc., the judge had said, "The foregoing is all right," or "I have read the above, I see nothing wrong with it," could it not be well argued that in either of the last two instances the words were equivalent to his having "approved" the bill of exceptions?

We have not overlooked the decision in *Stephens* v. *State,* 118 *Ga.* 762 (45 S. E. 619), to the effect that an endorsement by the trial judge upon an amendment to a motion for a new trial, to the effect that the amendment is "allowed and the same is certified and ordered filed," is a sufficient verification of the truth of the grounds of the amendment; or *Tifton, Thomasville & Gulf Railway Co.* v. *Chastain,* 122 *Ga.* 250 (50 S. E. 105), where it was ruled that an entry upon an amendment to a motion for new trial, that the amendment is allowed "and the grounds therein set out approved," is a sufficient approval of the grounds of the motion; or what was said in *Southern Railway Co.* v. *Hixon,* 135 *Ga.* 150 (68 S. E. 1100), with respect to the order which recited that "The foregoing amendment is examined, and the recitals of fact therein are true. The same is allowed and ordered filed as an addition to the original motion for new trial in this case." The approval of the amending grounds of a motion for new trial is done by the trial judge for the purpose of his dealing with a motion which is presented to him, and which he is to pass upon. The law does not prescribe any form to be used in such cases. As to a bill of exceptions, however, the legislature did not merely provide that a bill of exceptions should be certified as true, but provided what the form should be. A judgment was evidently regarded by that body as being a matter of real consequence, and any one seeking to upset it by writ of error should toe the mark. The statute leaves no room for a question mark after the judge's certificate to the bill of exceptions.

The original opinion is withdrawn and the former judgment vacated.

*Writ of error dismissed.    All the Justices concur, except Hewlett, J., not participating.*

REID, C. J., concurs in the judgment, but not in all that is said in the opinion.