33099. LEE *v.* THE STATE.

DECIDED JUNE 21, 1950.

830

*Cohen Anderson,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The indictment apparently represents an effort on the part of the State to charge one misdemeanor in two counts, stating the same offense in two different ways, and it is observed that in such a case only one punishment could legally be imposed, and that, the jury having found the defendant guilty on both counts, it would not matter so far as conviction or sentence is concerned if one count of the indictment were bad and the other good. This indictment is drawn in two counts, and the fact that such counts are not numbered does not affect the validity thereof. *Wright* v. *State,* 53 *Ga. App.* 371 (1) (186 S. E. 149). The first ground of demurrer is without merit.

As to the second ground, it is observed that the indictment is drawn on a printed form, and that the words "contrary to the laws of said State, the good order, peace and dignity thereof" known as the *contra pacem* clause, is imprinted following the second count and does not appear at the end of the first count. Code § 27-701 which sets out the form in which indictments and accusations shall be drawn states that each shall be deemed sufficiently technical and correct which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury. This test is met. The Code then provides that "the form of every indictment or accusation shall be as follows," setting out the form ending with the *contra pacem* clause. It further provides the form of heading of each additional count when the indictment is in more than one count. It is also fundamental that where an indictment is in more than one count, each count must be complete within itself and plainly, fully and distinctly set out the crime alleged, although express reference from one count to another is allowable. *Durden* v. *State,* 152 *Ga.* 441 (1-a) (110 S. E. 283); *Perry* v. *State,* 62 *Ga. App.* 115 (8 S. E. 2d, 425). There is no reference between counts here, but the offense is distinctly and fully stated. The defect is one of technical formality only, and the question arises as to whether such a technical defect, where attention is properly directed to the same by written special demurrer, will when uncorrected vitiate further proceedings. In *Hardin* v. *State,* 106 *Ga.* 384 (32 S. E. 365, 71 Am. St. R. 266), where the indictment was drawn in one

count and the *contra pacem* clause was omitted, it was held that the instrument was fatally defective. The court there held that the part of Code § 27-701 which states that the *offense* shall be plainly charged has no reference to the *form* prescribed by statute, and that "the authorities seem to be absolutely uniform, that when the rule in relation to this particular form in an indictment is expressly provided for by the written law of a State, it must be strictly applied, and the omission of the words thus formally prescribed, either by the Constitution or statute of a State, is fatal . . the courts are bound by the doctrine of the common law, that an indictment which does not conclude with words either substantially or literally that the crime charged is 'contrary to the laws of the State, the good order, peace and dignity thereof' is no indictment at all." This decision was noted in *MacNeill* v. *Maddox*, 194 *Ga.* 802 (22 S. E. 2d, 653), at page 806, the court observing that in matters of this kind, the General Assembly, by legislative enactment, can virtually transmute form into substance by prescribing a particular form for the certificate.

The indictment in question escapes the exact evil condemned in the *Hardin* case in that the *contra pacem* clause does appear as the concluding words of the indictment, and the exact question is whether or not the rule of law that each count must be "complete within itself and must contain every essential allegation to constitute a crime" (*Perry* v. *State*, supra), applies with equal stringency to the purely formal parts of the indictment. We think that this rule of law applies to the *offense* rather than to the *form*, following the distinction made in the *Hardin* case. We are confirmed in this view both by the general tendency of modern law to look to matters of substance rather than matters of form where it is possible to do so, and by the opinion in *Tarver* v. *State*, 123 *Ga.* 494 (51 S. E. 501). This case held that the omission of the words "of the county of _____" following the defendant's name in the statutory form of indictment was immaterial; that statutory forms prescribed by the legislature should be given a liberal and not a literal intendment, and that "judicial construction will not eliminate any part of the legislative formula, but rather make it effective by ignoring verbal superfluities and vanities in determining whether there has been

a substantial compliance with the statute." The *Hardin* case is there criticized, and the court stated. that it was following the earlier authority of *Loyd* v. *State*, 45 *Ga.* 57, to which, if there was a conflict, the *Hardin* case must yield. Examination of the *Loyd* case again confirms our view, for there the indictment was drawn in two counts; one of which began and concluded with the form required by statute, but the other count failed to repeat the statutory opening clause, "and the jurors aforesaid, in the name and on behalf of the citizens of Georgia." It was held that this defect was immaterial. If, in 1872, our Supreme Court failed to carry pure formalism to the extreme of vitiating an indictment because of failure to repeat the opening clause in one count of a two count indictment, it is difficult to see why at this time, where we are consistently departing from the niceties of pleading as observed in the early common law, an indictment should be vitiated because of failure to repeat at the end of the first count the formal statement with which the indictment as a whole properly concludes. It follows, therefore, that the demurrers in this case are without merit.

■ In considering whether the evidence in this case supported the verdict, it is noted that no whisky was found in the defendant's home. One jar was across the road in a tobacco barn, and the other lot was several hundred yards from the house, in places to which other than the defendant might have had access. Such evidence is not in itself sufficient to convict. See *Baggett* v. *State*, 76 *Ga. App.* 873 (2) (47 S. E. 2d, 592); *Serritt* v. *State*, 44 *Ga. App.* 269 (161 S. E. 279); *Clark* v. *State*, 66 *Ga. App.* 153 (17 S. E. 2d, 552). It was, however, a circumstance to be considered by the jury, and, when considered together with the defendant's admission to the police officers that he had been selling whisky for Tommie Morris and had been making very little out of it, and with the additional circumstantial evidence regarding the empty jars and cartons found at the defendant's residence, the entire testimony was sufficient to authorize the jury to find the defendant guilty.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*