May Term,
1858.

THE STATE
v.
LONGLEY.

---

## THE STATE v. LONGLEY.

Indictment in two counts against a constable for failing to pay over money. The first count charged a demand of the money by the execution-plaintiff, and a failure to pay to him. The second count charges a failure by the constable on the expiration of his term of office, to pay the money to the justice of the peace. The indictment was predicated upon the act of 1855.

*Held* 1. That by § 3, 2 R. S. p. 480, it was optional with the constable to pay the money over to either the execution-plaintiff or the justice, and the act of 1855 does not change the law.

2. That the first count was bad for not averring non-payment to the justice; and an averment in the count that the defendant then and there had the money, referring to the time when he collected it, does not aid the defect. The count should have alleged a failure to pay to either the justice or the execution-plaintiff.

3. That the second count was bad for not averring non-payment to the execution-plaintiff.

4. That each count in an indictment must be sufficient in itself; that averments in one count cannot aid defects in another.

Wednesday,
June 23.

APPEAL from the *Tippecanoe* Circuit Court.

WORDEN, J.—This was an indictment against the defendant for failing to pay over money collected by him as constable on an execution.

Upon motion of the defendant, the indictment was quashed; and the state appeals.

The indictment contains two counts. The first charges, in substance, that on the first of *October,* 1856, *Longley,* as constable, collected on an execution in his hands, issued upon a judgment in favor of *Cyrus B. James* against *God-*

*love O. Behm*, by *Thompson W. Graham*, a justice of the peace of *Tippecanoe* county, the sum of 15 dollars; that the said *Cyrus B. James* being then and there the proper person to receive said money, the same being then and there in the possession of said *Longley*, did, during the defendant's term of office as constable, to-wit, on the 15th day of *January*, 1857, require the defendant to pay over to him said money, but that the defendant fraudulently and unlawfully failed and refused to account for and pay over to said *James* said sum of money.

The second count charges that the defendant, on the 15th day of *January*, 1857, as constable, collected from *Godlove O. Behm* 15 dollars, on an execution issued to him by *Thompson W. Graham*, a justice of the peace of *Tippecanoe* county, on a judgment against *Behm* in favor of *Cyrus B. James;* that the defendant's term of office as constable expired on the 15th of *April*, 1857; that on that day, the said justice was the proper person to receive said money; and that the defendant was legally bound to pay the same over to him, the same being in his possession; but that he then and there fraudulently and unlawfully failed and refused to account for and pay over said money to said justice.

The indictment is predicated upon an act of the legislature providing "that any sheriff, clerk, &c., constable, &c., who shall fraudulently fail or refuse, at the expiration of the term for which he was elected or appointed, or at any time during such term, when legally required by the proper person or authority to account for and pay over to such person or persons as may be lawfully entitled to receive the same, all moneys which may have come into his hands by virtue of his office, shall be deemed guilty of a felony, and upon conviction thereof upon indictment shall be imprisoned in the state prison," &c. Acts of 1855, p. 89.

The third section of the act defining the powers and duties of constables (2 R. S. p. 480), provides that it shall be the duty of a constable "to pay over to the proper plaintiff or to the proper justice, without delay, all money by him collected by virtue of any writ."

This provision seems to render it optional with the constable to pay, either to the plaintiff or the justice of the peace.

The first count in the indictment is bad for not averring a non-payment by the defendant to the justice. It does not appear but that at the time of the demand upon him by the plaintiff in the execution, he had paid the money over to the justice, which he had a right to do. The averment in this count that the defendant then and there had the money in his possession, does not help the matter, as that has reference to the first of *October*, 1856, when defendant collected the money, as charged in this count, and not to the 15th of *January*, 1857, when the demand is alleged to have been made. Besides, if it was optional with the defendant to pay the money to either, he had a right to pay it to the justice upon a demand made by the plaintiff in the execution to pay it to himself, and if so, the indictment ought to allege that upon such demand the defendant failed or refused to pay to either.

The second count is based upon the idea that it is the duty of a constable upon the expiration of his term of office to pay over to the justice money which he may have collected on execution. We think the act of 1855, *supra*, does not at all alter the law of 1852, leaving it optional with the constable, upon the expiration of his term, to pay either to the plaintiff in the execution or to the justice. It simply provides for a failure to pay over to such person or persons as may be entitled to receive the same. The execution-plaintiff and the justice being entitled to receive the money, and the defendant having the right to pay to either, the count is bad for not averring a non-payment to the execution-plaintiff. This count avers that on the day of the expiration of the defendant's term of office, he had the money in his possession. This may be true, and yet on the same day he may, for ought that appears in the count, have paid it to the execution-plaintiff.

It may be remarked that each count in an indictment must be sufficient in itself, and that averments in one cannot aid defects in another. The averment in the first count

of the non-payment to the execution-plaintiff, cannot supply the want of such averment in the second; nor can the averment of non-payment to the justice in the second, supply the want of such averment in the first.

*Per Curiam.*—The judgment is affirmed.

*J. L. Miller*, for the state.

*G. S. Orth* and *J. A. Stein*, for the appellee.