## STEVENS *vs.* THE STATE OF GEORGIA.

[Jackson, C. J., not presiding on account of indisposition.]

1. Where an indictment was headed " Georgia Liberty county," this was sufficient to show for what county the grand jurors were drawn and served, and of what county they were.
2. On the trial of the defendant for whipping his wife, she is a competent witness against him. Code, §§3854, sub-sec. 4, 4573. Judgment affirmed.

January 26, 1886.

BLANDFORD, Justice.

[Sam. Stevens was indicted for assault and battery committed on his wife, Nellie Stevens. The indictment was headed, "Georgia, Liberty county," and proceeded, "The grand jurors, selected, chosen and sworn for the county of . . ., to-wit:" (naming them, and proceeding as usual.)

Counsel for the defendant demurred to the indictment *ore tenus*, on the ground that it did not show for what county the grand jurors were chosen, selected and sworn. This demurrer was overruled.

The prosecutrix, Nellie Stevens, was permitted to testify as to the assault and battery committed on her by the defendant, who was her husband, over his objection thereto.

After conviction, the defendant moved for a new trial, which was refused, and he excepted.]