## TARVER v. THE STATE.

1. The constitution of Georgia requires that all criminal cases shall be tried in the county where the crime was committed. The residence of the defendant is wholly immaterial to the fixing of the venue. Although the form of the indictment prescribed in the Penal Code, § 929, contains an averment of residence of the defendant, the omission of such averment in an indictment will not be ground for quashing the indictment, where it conforms in all other particulars with the prescribed form, and the offense is plainly described in the language of the statute.

2. An assignment of error not referred to in the brief of the plaintiff in error will be treated as abandoned.

Argued June 20,—Decided July 17, 1905. Rehearing denied August 1, 1905.

Indictment for wife-beating. Before Judge Littlejohn. Webster superior court. April 6, 1905.

The plaintiff in error, Dick Tarver, was indicted for the offense of beating his wife. The indictment did not allege the place of his residence, and it was specially demurred to on this ground. The demurrer was overruled, the case proceeded to trial, and a verdict of guilty was returned by the jury. The accused excepts to the overruling of his demurrer, and also complains in his bill of exceptions that he was not furnished an opportunity to plead and was not arraigned, nor did he waive arraignment. It appears that when both sides announced ready for trial, the solicitor-general asked counsel for the accused "if he would sign the waiver, and he replied he would." The trial then proceeded without objection, and the attention of the court was not called to the fact that the waiver was not signed in accordance with the agreement.

Payton & Hay, for plaintiff in error.

F. A. Hooper, solicitor-general, contra.

EVANS, J. 1. Under the early common law, no addition to the name of the person was required in indictments against per-

sons under the degree of a knight. By the statute of additions (1 Hen. V, c. 5), in all cases in which the exigent was awarded, defendants were described in the indictment by adding to their names "their estate or degree or mystery, and of the towns, or hamlets, or places and counties of which they were or be, or in which they be or were conversant." This statute was applicable only in those cases in which the exigent was awarded. "The exigent was the first process in outlawry, to be issued when the defendant was not found, or did not give himself up; and upon it certain forfeitures, as well as outlawry, followed. Hence the English courts held the addition to be unnecessary where the 'process of outlawry lieth not against' the defendant." 1 Bish. Crim. Proc. § 673. As outlawry and forfeiture never prevailed in this State, it was unnecessary to describe the defendant in the indictment by the addition to his name of his place of residence. The form of indictment prescribed in the Penal Code, § 929, contains an averment of the addition, to the defendant's name, of his place of residence. In *Studstill's* case, 7 *Ga.* 15, it was said: "The constitution of the State of Georgia requires that all crimes should be prosecuted in the county where they are committed. The residence of the defendant is wholly immaterial as to fixing the venue. It need not be charged that he live in any particular county. It is sufficient if the offense is stated to have been committed in the county where it is prosecuted. It is this which gives jurisdiction to the court." It is true that this question was not raised by demurrer to the indictment, but on a motion to direct a verdict of not guilty. However, the point was directly made in the bill of exceptions, and no question was raised that the objection to the indictment could not be urged in the manner in which it was, and the ruling of the court was authoritative that the averment of the defendant's residence in an indictment was unnecessary. The principle in the *Studstill* case, supra, was applied in *Loyd* v. *State*, 45 *Ga.* 57. In that case there were two counts in the indictment. The first began and concluded in the statutory form. The second count omitted the introductory words, "And the jurors aforesaid, in the name and behalf of the citizens of Georgia," which appeared in the first count. This court held the indictment good, and that the statutory form need not be followed to the letter, if it be con-

formed to in all material particulars. In *Stevens* v. *State,* 76 *Ga.* 96, the indictment was headed, "Georgia, Liberty County," and proceeded, "The grand jurors, selected, chosen, and sworn for the county of ——, to wit:" (naming them and proceeding as usual); and the indictment was held good notwithstanding the blank in the form had not been filled by the insertion of the name of the county. The heading was deemed sufficient to show for what county the grand jurors were drawn and served and of what county they were.

There can be no doubt of the authority of the legislature, when not curtailed by constitutional constraint, to prescribe forms of pleading. When so prescribed the forms should be given a liberal and not a literal intendment. *Loyd* v. *State, supra.* Judicial construction will not eliminate any part of the legislative formula, but rather make it effective by ignoring verbal superfluities and vanities in determining whether there has been a substantial compliance with the statute. The addition of the words, after the defendant's name, "of the county and State aforesaid," as has already been pointed out, was necessary only in certain cases by the statute of additions. By its own terms it was not applicable to our institutions, where outlawry and forfeiture of estates are unknown, and formed no part of the common law at the time of our adopting statute. The incorporation, in the statutory form of indictment, of the defendant's residence may have been due to inadvertence. All that it can amount to is a description of the person of the defendant. If the defendant is sufficiently identified by name, the addition of his residence would be mere surplusage. It is insisted that the conclusion we have reached is not in harmony with the later case of *Hardin* v. *State,* 106 *Ga.* 385. If there is a clash between the case just cited and the earlier decisions, then the later case must yield to the older decisions. In *Hardin's* case the indictment entirely omitted the words, prescribed by the statute, "contrary to the laws of said State, the good order, peace, and dignity thereof." The indictment did not contain any words of similar import; and it was held that the indictment should have been quashed on demurrer. The general doctrine of the common law was that the indictment must conclude "contra pacem," etc. 2 Hawk. P. C. c. 25, § 92. Whatever may have been the reason for declaring the act con-

stituting the crime was "against the peace of our said lord the King, his crown and dignity," these or similar words were considered by the English courts essential to the form of an indictment. Our statute requires that, after alleging the offense, the indictment shall conclude with the words, "contrary to the laws of said State," etc. So much of the form as contained these words was declaratory of the common law at the time of the enactment of the statute, and they were given their common-law significance in the case cited. In construing a statute, the common-law construction should be considered; for the legislature will not be presumed to have made any further innovation upon the common law than the case required. *Persons* v. *Hight*, 4 *Ga.* 493; 1 Kent's Com. 463. Giving the common-law construction to the addition to the defendant's name of his residence and to the necessity of concluding an indictment " contra pacem," etc., there would seem to be no conflict in the line of decisions to which we have referred.

2. The other assignment of error in the bill of exceptions was not referred to in the brief of the plaintiff in error, and will be treated as abandoned. *Williams* v. *State*, 121 *Ga.* 169.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*