## WATTERS *et al. v.* HERTZ.

The petition was not subject to demurrer on any of the grounds stated.

FEBRUARY 22, 1911.

Action for breach of contract.    Before Judge Wright.    Floyd superior court.    November 17, 1909.

In this case Rebecca Hertz sued J. C. Doss and Allie W. Watters, setting forth in the petition the identical contracts contained in the original petition in the action brought by the same plaintiff against Watters, and appearing in the statement of facts in the case of *Watters* v. *Hertz,* ante, 804.·   In that case the plaintiff sued to recover of Watters the tract of land described in the contract, and for the rental of the same; while in the case in hand she sued both Doss and Watters for an alleged breach by them of the contract, which, under the allegations of the petition, had been fully performed on her part.    After setting out the same written instruments forming the contract which appear in the statement of facts in the other case above referred to, including the various additions to the same signed by Doss and the one signed by Watters, wherein he stated that he guaranteed the performance of the contract by Doss, the plaintiff alleged as follows:

"4.    That under an arrangement between the said J. C. Doss and the said Allie W. Watters, the latter has cut the timber on said lot of land and has converted the same to his own use, but he has failed and refused to build the house or the fence referred to in' said contracts, to the injury and damage of your petitioner as hereinafter set out.

"5.    That the· cost and value of a house of the kind described in said contract, at the time the same was to be built, was at least $560.00; and the cost and value of the wire fence described in said contract, at the time the same was to be built, was $640.00; in which said sums your petitioner has been injured and damaged by reason of the failure to build the same in accordance with said contract."    Then followed a prayer for a judgment against both Doss and Watters in the sum of $1200.00.

The defendants demurred upon the following grounds: "First. There is no cause of action set forth against defendants in plaintiff's petition.    Second.    It is not stated that plaintiff has complied with the obligations on her part as set forth in the agreement   .   .

with reference to her ownership of the land in question and her power to represent any interest in said land. Defendants insist that until she shows title to said land in herself or procures a written ratification of all parties holding interest therein, she is not entitled to maintain this action. Third. Especially demurring to paragraph four of the petition, defendant Watters says it is not shown what are the terms and character of the arrangement between defendants, whereby he, defendant Watters, cut the timber on the land in question. Defendant prays that this paragraph be stricken."

Subsequently plaintiff amended her petition as follows: The contract set out in the original petition was signed contemporaneously by Doss and Watters, and Watters signed the same without any independent consideration flowing to him, and as security for its execution. He "was not, therefore, a guarantor of said contract within the strict legal meaning thereof, but he became in law a surety, and he is liable as such," and is sued as such. The court, after allowing this amendment to the petition, overruled the demurrer, and the defendants excepted.

*Dean & Dean* and *Nathan Harris,* for plaintiffs in error.

*Maddox & Doyal* and *George A. H. Harris & Son,* contra.

FISH, C. J. (After stating the facts.) The meaning of the petition as amended, construed in the light of the contracts set forth, briefly stated, is as follows: The plaintiff, in consideration that Doss would build a dwelling of stated style and dimensions on a given parcel of land, and would enclose the land with a wire fence of a certain kind (all to be accomplished within a prescribed time), transferred to him the right to cut and remove the timber and cord-wood from the land. Contemporaneously with the signing by Doss of the last contract between him and the plaintiff, which was merely an elaboration of the original contract, Watters entered upon this second contract an agreement, signed by him, in which he undertook "to guarantee" the performance of this contract by Doss. Such agreement by Watters was without any independent consideration flowing to him, and he was not in law a guarantor, but merely a surety for Doss for his performance of the contract. Watters entered upon the land under some agreement or arrangement between himself and Doss, and cut and removed the timber and cord-wood therefrom. Neither the dwelling nor the fence was ever

built by either Doss or Watters, and the plaintiff by such failure had been damaged in the amount which she alleged it would have cost to erect the building and the fence in accordance with the contract.

In the brief of counsel for the plaintiffs in error the following points only are relied upon, viz.: (*a*) The petition did not set out a cause of action. (*b*) Under the facts alleged, neither a joint judgment against the defendants nor a judgment against either of them was authorized. (*c*) "The law of an undisclosed principal can not be invoked in this case." (*d*) "In an action by the vendor, on a contract made by the purchaser in a deed, the assignee of the purchaser can not be joined with the purchaser as a party defendant." (*e*) "Watters is not liable, even if any claim existed against Doss; for no one is bound by a sealed instrument except the parties who sign it." (*f*) "Plaintiff must allege title, before she can recover. This is specially true as against Watters." (*g*) "The agreement in the contract to obtain ratification of plaintiff's title is a condition precedent." (*h*) "Purchasers who go in possession with a covenant of warranty must rely upon their warranty." (*i*) "In the case at bar there is no covenant or warranty. In this State there is no implied warranty of title to land in the sale of it, but in the contract sued on there is an express covenant to acquire title."

In our opinion none of these points is well taken. There was no effort to make Watters liable as an undisclosed principal, but on the contrary it was alleged that he signed an agreement whereby he became surety for Doss for the performance of his contract. If Doss went into possession of the land under the plaintiff, and in pursuance of his contract with her, and Watters was Doss's surety on such contract, and under an agreement with Doss went into the possession of the land and cut and removed therefrom the timber and cord-wood, then Doss, and Watters as his surety, would both be liable to the plaintiff for Doss's failure to erect the building and the fence as he had agreed to do, and this is so though the plaintiff did not allege that she had title to the land. See, in this connection, the next preceding case of *Watters* v. *Hertz,* ante, 804; *Fields* v. *Willis,* 123 *Ga.* 272 (51 S. E. 280). We are unable to perceive any merit in the other points made in the brief. It follows that the judgment of the trial court overruling the demurrers must be ·        *Affirmed. All the Justices concur.*