TUCKER, sheriff, *v.* HUSON ICE AND MACHINE WORKS.

FISH, C. J. 1. Judges of the superior courts "can not exercise any power out of term time, except the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation." Civil Code (1910), § 4854.

2. There is no statute expressly conferring upon judges of the superior courts power to grant rules absolute in vacation against officers subject to be ruled; but the Civil Code (1910), § 5346, provides that "The

judges of the superior court,  .  .  upon application, may grant rules nisi against all officers subject thereto, in vacation or in term time, which rule nisi shall contain a full statement of the case in which the officer is called upon to show cause, and also of the time and place of hearing; and if granted in vacation, the officer called on shall be served with a copy thereof before the sitting of the court to which it is made returnable; and if granted in term time, such service shall be perfected before the case is called for hearing." The language of this section, viz., "the sitting of the court to which it [rule nisi] is made returnable," and "such service shall be perfected before the case is called for hearing," clearly indicates that the hearing on the rule nisi and the granting of the rule absolute, if the facts on such hearing shall so authorize, shall be during "the sitting of the court," that is, during a term of court.

3. Accordingly, where a judge of a superior court issued in vacation a rule nisi against a sheriff, calling on him to show cause on a given date in vacation why a rule absolute should not be granted against him, and the sheriff at the time designated made a special appearance for the purpose of objecting to the judge hearing and passing on the matter in vacation, on the ground that the judge was without power, authority, or jurisdiction to require him to show cause or to respond to the rule nisi in vacation, and then and there urged such objection, the judge erred in overruling the same and in making the rule absolute.

4. As the judge had no power to hear and determine the matter in vacation, what took place subsequently to the overruling of the respondent's objection was a nullity; and therefore this court is not called upon to review rulings made by the judge on the hearing after the overruling of the respondent's objection.

*Judgment reversed. All the Justices concur.*
JULY 15, 1914.

Money rule. Before Judge George. Crisp superior court. June 19, 1913.

*Philip Newbern, Alex. Koplin,* and *A. J. McDonald,* for plaintiff in error. *Fulwood & Skeen,* contra.