## BRAXLEY *v.* THE STATE.

1. An indictment containing two counts was headed, "Georgia, Baldwin County. In the Superior Court of said county." The first count began: "The grand jurors selected, chosen, and sworn for the County of Baldwin, to wit: [jurors' names], in the name and behalf of the citizens of Georgia, charge and accuse," etc. The second count began: "And the jurors aforesaid, on their oaths aforesaid, do further charge and accuse," etc. *Held,* that the second count in the indictment should not be stricken on demurrer on the ground of the omission to state that the charge against the accused is made "in the name and behalf of the citizens of Georgia."

2. Where the grand jurors regularly serving in the superior court have been discharged for the term and the court has finally adjourned for the term, the judge has no jurisdiction to pass an order in vacation requiring the attendance of such discharged grand jurors, so as to empower them, without being again sworn or charged, to prefer an accusation for crime.

JULY 3, 1915. REHEARING DENIED JULY 21, 1915.

Questions certified by Court of Appeals (Case No. 5806).

*Sibley & Sibley* and *John R. Cooper,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* and *John T. Allen,* contra.

EVANS, P. J. The Supreme Court is asked by the Court of Appeals, whether "a count in an indictment, in which it is not stated, either literally or in substance, that the charge which is preferred is made 'in the name and behalf of the citizens of Georgia,' is subject to demurrer because of this omission." The record accompanying the question discloses that the plaintiff in error was convicted of the offense of accessory before the fact, under an indictment containing two counts, the first charging him with the crime of burglary, and the second as being accessory before the fact to

the burglary charged in the first count. The first count begins as follows: "State of Georgia, Baldwin County. In the Superior Court of said county. The grand jurors selected, chosen, and sworn for the County of Baldwin, to wit: [the jurors' names are here stated], in the name and behalf of the citizens of Georgia, charge and accuse John Braxley with the offense of burglary, for that," etc. The second count begins: "And the jurors aforesaid, on their oaths aforesaid, do further charge and accuse the said Jno. Braxley with the offense of felony, for that," etc.

Section 954 of the Penal Code is as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury. The form of every indictment or accusation shall be as follows: 'Georgia ——————— County. The grand jurors selected, chosen, and sworn for the county of————, to wit: ————, in the name and behalf of the citizens of Georgia, charge and accuse A. B., of the county and State' aforesaid, with the offense of ————; for that the said A. B. (here state the offense, and the time and place of committing the same, with sufficient certainty), contrary to the laws of said State, the good order, peace, and dignity thereof.' If there should be more than one count, each additional count shall commence with the following form: 'And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse the said A. B. with having committed the offense of ———— (here state the offense as before directed); for that,' etc." The plain intendment is that literalness of form is not demanded. Certainly it could never have been the legislative intent that a less strict observance of the demands of this section should apply to the description of the offense charged than to the mere form of the paper in which such charge is stated. The indictment is declared to be sufficiently technical which states the charge "so plainly that the nature of the offense charged may be easily understood by the jury;" and it would be contrary to the spirit of the statute to require the mere formal parts of the indictment to be stated with literal exactness, while its essence may be stated so as to be easily understood by the jury. *Loyd* v. *State*, 45 *Ga.* 57. This court has held that the omission of a statement of the defendant's residence

is not fatal. *Studstill* v. *Slate, 7 Ga. 2*; *Tarver* v. *State, 123 Ga. 494* (51 S. E. 501). Where an indictment was headed, "Georgia, Liberty County," this was held sufficient to show for what county the grand jurors were drawn and served and of what county they were, notwithstanding the omission to fill in the blank prescribed in the form, "The grand jurors selected, chosen, and sworn for the county of ————, to wit:" etc. *Stevens* v. *State, 76 Ga. 96.* In *Horne* v. *State, 37 Ga. 80* (92 Am. D. 49), it was ruled that an omission from an indictment of the words, "in the name and behalf of the citizens of Georgia," is not ground for arrest of judgment. There is an obiter remark that if the exception had been taken on demurrer it would have been good. In *Hardin* v. *State, 106 Ga. 384* (32 S. E. 365, 71 Am. St. R. 269), the indictment did not conclude with the words, "contrary to the laws of said State, the good order, peace, and dignity thereof;" and it was held to be defective on that account. In the opinion in that case Judge Lewis used language suggestive that the statute should be strictly applied; but we do not understand that the court meant to apply the doctrine of absolute literalness in a matter of bare form.

It is clearly apparent from the indictment, that the grand jurors were chosen and sworn at a regular term of the superior court of Baldwin county; that they were acting as such in preferring a charge for a violation of a criminal statute. That they were preferring that charge "in the name and behalf of the citizens of Georgia" is manifest from the indictment as a whole. In the first count they expressly so state, and the whole proceeding, considered in connection with the law appertaining to indictments, indicates as much. It is urged that one count in a pleading can not aid defects in another count. That rule of pleading prevents the allegation of a cause of action in one count from being projected into another count to supply the latter's deficiencies. We do not dispute the rule in this respect; but that rule has never been carried to the extent that such formal parts of the petition as the address to the court should be carried into each count. In the *Hardin* case, supra, the concluding words of the statute were omitted, and no words of substitute were stated; there was nothing in the indictment that could be construed as taking their place. The case in hand is quite different, as the indictment is pregnant with the meaning that the charge is made by the grand jurors in the name

and behalf of the citizens of Georgia. We accordingly answer the question propounded in the negative.

The second question is: "Though a judge of the superior court may, during a term of court, recall a grand jury of the same term, which has been discharged for the term, and they may then legally indict one charged with crime (*Bird* v. *State,* 142 *Ga.* 596, 83 S. E. 238), has a judge of the superior court jurisdiction to pass an order in vacation, at a place not within the jurisdiction of the court, requiring the attendance of such discharged grand jurors, so as to empower them, without being again sworn or charged, to prefer an accusation for crime?" It is suggested in the brief of counsel for the State that the term of court had not finally adjourned for the term, but had taken a recess to a later day, and that the question should be answered on the basis that there had been no adjournment for the term. That would not afford the information the Court of Appeals requests. On the doctrine of *Bird* v. *State,* supra, the Court of Appeals recognizes that if the court had not finally adjourned for the term the grand jury could be reconvoked, but asks the question on the basis that the court had adjourned for the term. The term will continue until it expires by operation of law, unless expressly adjourned in a manner provided by law. *Liverpool etc. Insurance Co.* v. *Peoples Bank of Mansfield,* 143 *Ga.* 355 (85 S. E. 114). Treating the question as if there was a final adjournment of court for the term, it must be answered in the negative. After the adjournment of a term the grand jury became functus officio. "Judges of the superior court 'can not exercise any power out of term time, except the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation.' Civil Code (1910), § 4854." *Tucker* v. *Huson Ice and Machine Works,* 142 *Ga.* 83 (82 S. E. 496). There is no express provision of law authorizing a judge of the superior court out of term time to call together persons who were grand jurors at a former term, so as to act as grand juries, except at a special term. Civil Code, § 4876.

*All the Justices concur, except*

ATKINSON and HILL, JJ., dissenting. J. H. Braxley was indicted upon the charge of felony. The case was tried upon the hypothesis that the indictment contained two counts, the first charging the defendant as perpetrator of the crime of burglary, and

the second as accessory before the fact, by counseling others to commit the offense. The jury returned a verdict as follows: "We, the jury, find the defendant not guilty as charged in the 1st count in the indictment. J. E. Stembridge, foreman. We, the jury, find the defendant guilty as charged in the second count in the indictment, and recommend that he be punished as for a misdemeanor. J. E. Stembridge, foreman." A motion for a new trial was made, and the defendant excepted to the judgment overruling the motion. As necessary to a proper decision of the case, the Court of Appeals certified to this court two questions, the first of which refers to section 954 of the Penal Code of this State and the construction placed thereon in former decisions of this court; and it is asked, in view of the section of the code and in the light of the decisions, "is a count in an indictment, in which it is not stated, either literally or in ·substance, that the charge which is preferred is made 'in the name and behalf of the citizens of Georgia,' subject to demurrer because of this omission?" The words quoted were omitted from the alleged second count. In 1 Chitty's Criminal Law, § 249, it is said: "It is frequently advisable, when the crime is of a complicated nature, or it is uncertain whether the evidence will support the higher and more criminal part of the charge, or the charge precisely as laid, to insert two or more counts in the indictment. . . Every separate count should charge the defendant as if he had committed a distinct offense, because it is upon the principle of the joinder of offense that the joinder of counts is admitted." See also State *v.* Longly, 10 Ind. 482, 484; Keech *v.* State, 15 Fla. 591; State *v.* Lyon, 17 Wis. 237; State *v.* Phelps, 65 N. C. 450. Under the common law, though there might be several counts in an indictment, if the evidence authorized a conviction under any one count and not under the others, the defendant could be convicted under the count that was supported by the evidence, notwithstanding his acquittal under all the other counts. See 1 Bishop's New Criminal Procedure, § 421 et seq., and cases cited. There was ample reason why each count should be as complete as if there were but one count in the indictment. While, by making special reference in one count to some material thing expressed in a preceding count, the necessity of repeating the exact matter so referred to might be avoided, yet, if there were no such express reference, the matter so alleged in the preceding count

could not by mere construction be imported into the second count. This rule is still adhered to in this State, even as applied to civil cases, where pleadings are not so strictly construed as in criminal cases. *Watters* v. *Hertz,* 135 *Ga.* 814 (70 S. E. 343); *Train* v. *Emerson,* 137 *Ga.* 730 (74 S. E. 241). Section 954 of the Penal Code declares: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury. The form of every indictment or accusation shall be as follows: 'Georgia ———— County. 'The grand jurors selected, chosen, and sworn for the county of ————, to wit: ————, in the name and behalf of the citizens of Georgia, charge and accuse A. B., of the county and State aforesaid, with the offense of————; for that the said A. B. (here state the offense, and the time and place of committing the same, with sufficient certainty), contrary to the laws of said State, the good order, peace, and dignity thereof.' If there should be more than one count, each additional count shall commence with the following form: 'And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse the said A. B. with having committed the offense of ———— (here state the offense as before directed); for that,' etc." This is the identical language of section 14 of the act approved December 23, 1833 (Acts 1833, p. 203), and has been included in each of the several penal codes. The language of the code section under consideration is therefore that of the statute; and if it varies in substance from the common law, the latter must be considered as changed to the extent of the variance. According to the language of this statute, the form of indictments is declared. According to the form, in the event of there being a single count, it is essential that the offense should be stated, "in the name and behalf of the citizens of Georgia." These are words of substance, as much so as would be the name of a plaintiff in a civil case. If the words quoted are words of substance in an indictment in which there is but a single count, they are also words of substance in successive counts; and if each count is to be regarded as separate and distinct from the other, it is improper to omit them from the several counts. Being words of substance, their omission could not be supplied by construction, or imported by implication from some

other count, for the reason, as indicated above, that the substance of one count can not be embodied into a separate count by mere construction. We should not follow the ruling made in *Loyd* v. *State,* 45 *Ga.* 57. That was a case in which the second count omitted the words, prescribed in the form, "and the jurors aforesaid, in the name and behalf of the citizens of Georgia." There was a demurrer to the indictment, on the ground that the second count "did not begin and conclude in the form required by law." In the opinion, on this ground of demurrer, McCay, J., said: "Our code, even as to the substantial averments in an indictment, only requires that they should be stated so as to be easily understood by the jury. Code section 4535. And it seems directly contrary to . the spirit of this enactment to require that the merely formal parts of the indictment shall conform to the letter to a provision the sole object of which was to make unnecessary the cumbrous formality of the common-law proceedings." This decision was by two Judges, and not controlling. It was referred to and disapproved by Lewis, J., in the case of *Hardin* v. *State,* 106 *Ga.* 386 (32 S. E. 365, 71 Am. St. R. 269). The former case of *Horne* v. *State,* 37 *Ga.* 80 (92 Am. D. 49), by an entire bench of three Judges, seems to have . been overlooked by Judge McCay. That was a case where a motion was made in arrest of judgment. It was held that under section 4536 of the Revised Code of 1863, which declared, among other things, that exceptions which go merely to the form of the indictment shall be made before trial and will not be good in arrest of judgment, the omission from the indictment of the words, "in the name and behalf of the citizens of Georgia," was not cause for arresting the judgment; but it was further said: "If these words be omitted, on objection taken at the proper time the indictment will be quashed." In the case of *Tarver* v. *State,* 123 *Ga.* 494 (51 S. E. 501), the indictment omitted to allege the place of residence of the defendant, in compliance with the form prescribed in section 954 of the Penal Code. A demurrer was filed to the indictment, on the ground that it omitted to state the residence of the defendant. The demurrer was overruled, and, on exception, this court affirmed the judgment of the trial court. The ruling was: "The constitution of Georgia requires that all criminal cases shall be tried in the county where the crime was committed. The residence of the defendant is wholly immaterial to the fixing of the venue.

Although the form of the indictment prescribed in the Penal Code, § 929, contains an averment of residence of the defendant, the omission of such averment in the indictment will not be ground for quashing the indictment, where it conforms in all other particulars with the prescribed form, and the offense is plainly described in the language of the statute." The matter omitted in that case from the indictment was very different from the omission of matter of substance required by the form, such as stating the identity of the parties, so to speak, in behalf of whom the charge against the defendant was made. In the opinion, Evans, J., while discussing the case of *Hardin* v. *State,* supra, and other earlier cases, among which were mentioned the case of *Loyd* v. *State,* supra, used language to the effect that if the ruling in *Hardin* v. *State,* supra, was in conflict with the earlier decisions, it must yield to the older decisions. This expression could not have applied to the *Loyd* case, which, although older, was rendered by only two Judges. In the case of *Hardin* v. *State,* supra, it was held that an indictment which omitted words prescribed in the form, "contrary to the laws of the State, the good order, peace, and dignity thereof," was defective and subject to be quashed on demurrer. See also *Bulloch* v. *State,* 10 *Ga.* 47, 61 (54 Am. D. 369).

It follows that the first question propounded by the Court of Appeals should be answered in the affirmative.