## 7207. HODGES v. CASE THRESHING MACHINE CO.

1. The court did not err in sustaining the demurrer to the defendant's answer as amended. The law of this case is fixed by the former decision of this court therein. 16 *Ga. App.* 327.
2. The presiding judge, under the provisions of the order granted in term, did not have authority to enter a final judgment in this case in vacation. Civil Code of 1910, § 4854.

DECIDED JANUARY 23, 1917.

Complaint; from city court of Americus—Judge Harper. November 20, 1915.

*Wallis & Fort, J. A. Hixon,* for plaintiff in error.

*Ellis, Webb & Ellis,* contra.

GEORGE, J. 1. When this case was before this court at the March term, 1915, it was decided that "the answer and plea of the defendant as a whole, as finally amended, should have been stricken on demurrer, as the answer was a manifest effort to add to and vary by parol the terms of the unambiguous written contract between the parties, upon which the suit was brought," and the judgment was reversed for error in not sustaining the demurrer to the answer, and in overruling the motion for a new trial filed by the plaintiff, the present defendant in error. *Case Threshing Machine Co.* v. *Hodges,* 16 *Ga. App.* 327 (85 S. E. 205). Before the remittitur from this court was made the judgment of the court below, the defendant offered an amendment to his answer, which was allowed by the court, subject to demurrer. By reference to the pleadings filed by him and under consideration by this court at the March term, 1915, and by reference to the original briefs of file in that case, it is clear that the defenses contained in the amendment to the answer, made after the decision of the case in this court, but before that decision was made the judgment of the lower court, are in substance and effect the same as those set up in the former pleadings. It is true that the amendment now under consideration seeks to avoid the contract sued upon for the reason that it does not "possess finality of utterance; that there has never been an agreement that the writing is a complete and final uttered embodiment of all the terms of a contract presently operative and binding." This is alleged to be so because the same facts set up in the answer were considered by the court in this case heretofore. While the amendment now under consideration con-

8

tains the general averment set out above, the facts set forth in the answer show that the defendant did have possession of the traction engine, the consideration named in the contract and notes, and was actually using it, and that he had paid a large portion of the purchase-price represented by the first of the series of notes, as provided in the contract. Moreover, the contract and each of the notes, including the note paid, signed by the defendant and set out in the petition of the Case Threshing Machine Company, re-cited that they were "signed, scaled, and delivered" in the presence of an officer of the law authorized to attest the same. This iden-tical defense was made in the original answer as finally amended.

2. While the ruling sustaining the demurrer to the defend-ant's answer as finally amended was proper, the judgment made in vacation, in awarding final judgment in favor of the plaintiff, for principal, interest, and attorney's fees, must be reversed. It ap-pears that the presiding judge acted under the authority of an or-der entered in term, as follows: "By agreement of counsel in the above-stated case, it is ordered that the demurrers in said case be heard at Americus, Georgia, on November 6, 1915. It is further ordered that both parties, plaintiff and defendant, shall have the right to file any amendments that will be allowed according to law, and to file and make any objections to the amendments. It is further ordered that the court shall have authority to pass upon all demurrers and amendments at said hearing, as if in term time, and to enter up all necessary judgments in vacation in said cause as if said judgments were entered in term time, and either party shall have the right to file exceptions to any of the rulings and judgments of said court, as if in term time. It is further or-dered that if said hearing is not had at the time stated, the court shall have authority to pass necessary orders continuing said hear-ing to a future date." We do not think this agreement authorized the judge to hear and determine this case in vacation. It is to be noted that the judgment rendered by the court was for princi-pal, interest, and attorney's fees. It is contended that the judge of the city court of Americus has the same power as judges of the superior courts of this State to hear and determine causes and render judgments in vacation. It is not insisted that he has any greater authority. Conceding that he is clothed with the same power as the judges of the superior courts in respect to the matter

in question, he was without authority to enter the final judgment in vacation. Judges of the superior courts "can not exercise any power out of term time, except the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation." Civil Code (1910), § 4854; *Tucker* v. *Huson Ice & Machine Works,* 142 *Ga.* 83 (82 S. E. 496). Under the order recited above, the presiding judge had authority to determine the demurrers, to pass upon and allow amendments, and to pass any necessary judgment with respect to the same. Only by implication is he given authority to finally hear and determine this case on its merits. This power by implication is denied, when he undertakes to exercise the authority under the law of the State; and the parties, by agreement, did not confer upon the judge the right to enter a final judgment in this case in vacation.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*