9143.　ODUM *v.* THE STATE.

1.　Where an indictment was headed "State of Georgia, Bacon County," this was sufficient to show the county for which the grand jurors were drawn and served, and of what county they were.

2.　On the trial of one charged with the offense of seduction, evidence that he endeavored to induce the female alleged to have been seduced to take medicine, for the purpose of causing an abortion, was admissible, as tending to show that he had carnal intercourse with her.

3.　The trial judge did not abuse his discretion in allowing the case to be reopened for the introduction of additional material testimony, nor in allowing the prosecutrix, when recalled as a witness in rebuttal of the defendant's statement at the trial, to be asked and to answer certain questions not strictly in rebuttal.

4.　There is no merit in the exceptions to portions of the charge of the court, or to the failure of the court to give the charge set forth in ground 5 of the amendment to the motion for a new trial.

5.　The evidence authorized the verdict.

DECIDED NOVEMBER 14.—REHEARING DENIED NOVEMBER 24, 1917.

Indictment for seduction; from Bacon superior court—Judge Summerall.　June 15, 1917.

The prosecutrix testified: "He [the defendant] began to make love to me when he had been there four or five times. He promised to marry me. I agreed to marry him, and he promised to marry me if I would submit to him. I loved him and he had made love to me. I said he promised to marry me, told me if I would submit to him he would marry me, told me that several times, told me about three months before I did submit to him that if I would submit to him he would marry me; and it was just that way every time that he would come there. The reason I submitted to him was because I loved him, and then he promised to marry me, and I thought we would get married. I just thought we were going to marry. I believed he loved me. He just told me that evening that if I would submit to him, and if I thought I loved him enough, he would marry me. I submitted to him because I loved him and because he promised to marry me. I said that it was the first of July, 1914, when he was trying to persuade me to have intercourse with him; he asked me if I would submit to him, and I told him I would if he would promise to marry me. He begged me before several times, but I don't remember how many times. We had agreed to be married when I had intercourse with him the first time. I said he begged me about three months before I yielded to him. I don't remember exactly how long it was after he first proposed intercourse with me that I had intercourse with him. He went there about three months and begged me about three months before I submitted to him. I yielded to him because I loved him and put all kind of confidence in him. He hadn't set no date, but he had agreed to marry me before he had intercourse with me. I yielded to him in consequence of his promise to marry me; he knows that he promised to marry me. He knows that he promised to marry me if I would submit to him. I yielded to him because he promised to marry me, and I loved him and put all kinds of confidence in him." There was other testimony to the same effect by the prosecutrix.

*J. Mark Wilcox*, for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.

HARWELL, J. (After stating the foregoing facts.) 1. The indictment in this case began as follows: "State of Georgia, Bacon County. The grand jurors, selected, chosen, and sworn for the county of————, to wit," etc. The defendant, before plead-

ing to the indictment, demurred on the ground that it was fatally insufficient, because the name of the county for which the grand jurors were sworn was omitted in the indictment. It is contended that this precise question has never been ruled in this State. We call attention to the decision by the Supreme Court in the case of *Stevens* v. *State,* 76 *Ga.* 96, where it was held that an indictment which was headed "Georgia, Liberty County," sufficiently showed for what county the grand jurors were drawn and served, and of what county they were. That case was cited with approval in *Tarver* v. *State,* 123 *Ga.* 496 (51 S. E. 501), and *Braxley* v. *State,* 143 *Ga.* 653 (1), 660 (85 S. E. 888), and we consider it binding authority on this court in the instant case. See also 10 Enc. Pl. & Pr. 423, 429; 1 Bish. Cr. Proc. 668 (2); 22 Cyc. 240 (2). The trial judge did not err in overruling the demurrer to the indictment.

2. In ground 1 of the amendment to the motion for a new trial complaint is made of the admission by the court, over objection, of conversations between the defendant and the prosecutrix, after the alleged seduction, in which he urged her to take medicine which he had obtained for her, for the purpose of causing an abortion. This testimony was clearly admissible, under the ruling in *Parker* v. *State,* 11 *Ga. App.* 251 (2) (75 S. E. 437).

3. The court allowed the case to be reopened, after arguments had been made by one counsel each for the State and the accused, for the purpose of admitting proof to the effect that, at the time of seduction, the prosecutrix was unmarried. "It is not an abuse of discretion, in a case in which there is direct proof that the defendant was guilty of unlawful sexual intercourse, . . to reopen the case for the purpose of supplying proof of the necessary allegation of the indictment, as to whether the parties were married or unmarried as alleged. A case should be reopened whenever it is necessary in order to obtain the truth." *Chatman* v. *State,* 8 *Ga. App.* 842 (2) (70 S. E. 188). The judge did not abuse his discretion in this instance.

Neither did the judge abuse his discretion in allowing the prosecutrix, when recalled in rebuttal of the defendant's statement at the trial, to be asked and to answer certain questions not strictly in rebuttal of the statement. *Glasco* v. *State,* 137 *Ga.* 336 (3) (73 S. E. 578).

4. The court charged the following: "The defendant contends that he is not guilty. He says that he is not guilty of the crime charged against him. If you find that the contentions of the defendant be true, you should acquit the defendant." Since the judge, elsewhere in his charge, fully and correctly instructed the jury on the burden of proof, the charge quoted above did not have the effect of "casting the burden of proof upon the defendant," as is contended in ground 3 of the amendment to the motion for new trial.

The court charged: "If you believe, from the evidence, that the defendant did have carnal knowledge of her, and if you believe she was virtuous and permitted the defendant to have carnal knowledge of her, by reason of her love for him, and persuasion and promises of marriage, he would be guilty of seduction." It is contended that this charge is erroneous because it authorized the jury to find the defendant guilty of seduction if it appeared that the prosecutrix "permitted the defendant to have carnal knowledge of her by reason of her love for him, and persuasion and promises of marriage," and did not require that it appear that the prosecutrix was induced by persuasion and promises of marriage to allow the defendant to have carnal knowledge of her. There is no merit in this contention, and the charge was not erroneous for the reason complained of.

There is no merit in ground 5 of the motion, complaining of the failure of the court to give a charge therein specified, since the substance thereof was embodied in the court's charge.

5. The only other question presented is as to the legal sufficiency of the evidence. It is insisted that the intercourse between the accused and the female alleged to have been seduced was purely the result of his promise to marry her, and that the transaction was meretricious. It is insisted that the evidence fails to show any persuasion; and counsel for the plaintiff in error cites as authority *Disharoon* v. *State,* 95 *Ga.* 351 (22 S. E. 698) ; *O'Neill* v. *State,* 85 *Ga.* 411 (11 S. E. 856). In the *Disharoon* case, supra, it appeared that the defendant was a married man, and there was no evidence to show that the prosecutrix did not know this fact. In the *O'Neill* case, supra, the court held that there was no evidence to show any persuasion. Upon an examination of the record in the instant case it is easily distinguished from the two cases cited.

In the instant case there is ample evidence, as will be seen by a reference to the statement of facts, to show persuasion as well as promises of marriage. We think, therefore, that the evidence is amply sufficient to authorize the verdict. See *Durrence* v. *State*, 20 *Ga. App.* 192 (92 S. E. 962).

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*