*R. L. Cox*, for plaintiffs in error. *Walker & Roberts*, contra.

FOUNTAIN *v.* DORMINEY.

ATKINSON, J. W. H. Fountain, as sheriff of Ben Hill County, sold certain land and received the purchase-money. There were several claimants to the fund, and he was temporarily enjoined from paying the amount upon the fi. fas. under which the sale was made. His term of office expired; and subsequently, upon application of the purchaser, an order was granted in vacation, by consent of the creditors, directing the ex-sheriff to turn over the money, after deducting his fees, to the purchaser as custodian of the court, upon his executing to the ex-sheriff a specified bond. The bond was duly executed, and upon demand the obligee refused to pay over the money, on the ground that the order of court directing payment to the custodian was void. Thereupon a proceeding was commenced against the obligee for attachment as for a contempt of court. A rule nisi was issued by the judge in vacation, requiring the respondent to show cause at Cordele in Crisp county, on June 9, 1917, why he should not be punished as for contempt. On the day set for a hearing an order was granted continuing the case until June 16, 1917, at Cordele. At the hearing so appointed the judge entered an order adjudging the respondent in contempt of court, and directed that he be confined in jail until the further order of court, unless he purged the contempt by paying over the money as directed. The respondent excepted on the ground, among others, that the judgment was contrary to law. *Held:*

1. A judge of the superior court is without jurisdiction in vacation to enter a judgment absolute in a proceeding against a sheriff to punish him for contempt of court for failing to pay over money collected by him, where no appropriate order has been granted in term, setting the case for a hearing in vacation. Civil Code, §§ 4854, 5346; *Tucker* v. *Huson Ice &c. Works*, 142 *Ga.* 83 (82 S. E. 496). The foregoing ruling is applicable to the facts of this case, and the judgment absolute rendered in vacation against the respondent was contrary to law.

2. As the judge was without jurisdiction to hear the case, it is unnecessary for this court to deal specifically with the several assignments of error based on rulings made at the trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 456. JANUARY 18, 1918.

Rule for contempt. Before Judge Crum. Ben Hill superior court. June 16, 1917.

*Quincey & Rice* and *Otis H. Elkins,* for plaintiff in error.

*McDonald & Bennett* and *Eldridge Cutts,* contra.