### 13401. DIXON v. THE STATE.

LUKE, J. 1. Where an indictment was headed " Georgia, Pierce County, in the superior court of said county, the grand jurors selected, chosen and sworn for the County of ————————, to wit," (naming them, and proceeding as usual), this was sufficient to show the county for which the grand jurors were drawn and served, and of what county they were. The court did not err in overruling a special demurrer upon the ground that the indictment did not show for what county the grand jurors were chosen, selected, and sworn. See *Stevens* v. *State,* 76 *Ga.* 96 (1); *Brawley* v. *State,* 143 *Ga.* 658 (85 S. E. 888); *Tarver* v. *State,* 123 *Ga.* 459 (51 S. E. 501); *Odom* v. *State,* 21 *Ga. App.* 310 (94 S. E. 257).

2. The defendant was convicted on the charge of being and appearing in

a drunken condition upon a public highway, which drunkenness was caused by the excessive use of intoxicating liquors, and was made manifest by boisterousness, and by indecent acting, and by vulgar, profane and unbecoming language, and loud and violent discourse. The evidence, while sufficient to show that the defendant was intoxicated, failed to show that such intoxication was made manifest in any of the ways alleged in the indictment. The evidence therefore did not authorize the defendant's conviction, and it was error to overrule his motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED MAY 9, 1922.

Accusation of drunkenness on highway; from city court of Blackshear — Judge Mitchell. January 28, 1922.

*James R. Thomas,* for plaintiff in error.
*S. Thomas Memory, solicitor,* contra.