*D. L. Churchwell*, for defendant.

---

## COKER *v.* NORMAN, receiver, *et al.*

ATKINSON, J.  1. The custody of property by the receiver of the court is the custody of the court. One who dispossesses the receiver of property consigned to him by the court dispossesses the court, and of course becomes in contempt of court; and he may be punished for contempt, and the property may be restored. *Wikle* v. *Silva*, 70 *Ga.* 717; 13 C. J. 21, § 26, note 14. A contempt of court being complete by dispossessing the receiver, the fact that no injunctive order has been passed does not affect the case.

2. A judge of the superior court having, in vacation, appointed a receiver to take possession of any fund, or property, in litigation, may, in vacation, enforce the delivery of such fund or property to the receiver, by attaching and imprisoning any party refusing obedience to his order. *Cobb* v. *Black*, 34 *Ga.* 162. The foregoing ruling was based on the construction of the express provisions of the code (Civil Code (1910), §§ 5475, 4849, 4850, 4644), which were held to have authorized the judge to grant an order at chambers punishing a respondent for contempt for refusing to deliver property to a receiver as ordered by the court. Upon principle the same rule applies where the refraction consists in taking the property from the custody of the receiver without

authority of the court, after it has been in possession of the receiver.

(*a*) The case differs from *Fountain* v. *Dorminey*, 147 *Ga.* 574 (94 S. E. 1014), and *Tucker* v. *Huson Ice &c. Works*, 142 *Ga.* 83 (82 S..E. 496), which did not involve a contempt based on interference with possession of a receiver, or the exercise of jurisdiction on other grounds authorized under the above-mentioned sections of the code.

(*b*) The judge did not err in exercising jurisdiction in vacation, and in adjudging the respondent in contempt of court and ordering restoration of the property to the receiver.

3. The neglect or refusal of the defendant to comply with the order of the court, requiring him to pay temporary alimony, pending the divorce, does not authorize the court to deny to the party his right to defend the libel. *Cason* v. *Cason*, 15 *Ga.* 405. See also Hovey *v.* Elliott, 167 U. S. 409 (17 Sup. Ct. 841, 42 L. ed. 215); Trough *v.* Trough, 59 W. Va. 464 (53 S. E. 630, 4 L. R. A. (N. S.) 1185, 115 Am. St. R. 940, 8 Ann. Cas. 837). By analogy the neglect or failure of an intervenor, in an equity suit for receiver and other relief, to purge a contempt for disturbing the court's possession of the property in the custody of a receiver does not afford ground for dismissing the intervention. In so far as the judge ordered dismissal of the respondent's intervention in the equity suit for failure to purge the contempt, the judgment was erroneous.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 5002. June 19, 1926.

Contempt. Before Judge Hutcheson. DeKalb superior court. June 4, 1925.

This was a proceeding for contempt, based on interference with the court's possession of certain property held in custody by a receiver. The exception is to a judgment against the respondent. The case is sufficiently stated in the brief of the attorneys for the plaintiff in error (respondent in the trial court), as follows: "Mrs. Mary E. Coker as executrix of the estate of C. D. Coker, deceased, owned certain property in Atlanta, Fulton County, Georgia, located on Woodlawn Avenue. On March 29th, 1921, this property was sold by her to J. A. Harris under a bond for title, which said bond for title was regularly transferred to W. W. Haden. After W. W. Haden came into possession of said bond for title and the property therein described, he made certain improvements thereon, that is, built two houses, one known as Number 82 Woodlawn Avenue and the other known as Number 90 Woodlawn Avenue. Certain materials were furnished, according to the pleadings in said case, by Frank G. Lake, W. F. Rambo, DeJarnette Supply Company, and the R. O. Campbell Coal Company. The Colonial Trust Company contends that it furnished certain pay-roll money which was used by the said W. W. Haden

in improving said property. Before the houses were completed
W. W. Haden abandoned the work on them; and on February
2nd, 1923, Frank G. Lake brought a bill in DeKalb superior
court, and had T. J. Norman appointed receiver. An order was
passed authorizing and directing the receiver to sell the property.
On June 4th, 1923, Mrs. Mary E. Coker, individually and as exec-
utrix of the estate of C. D. Coker, deceased, tendered an inter-
vention in said case, wherein she set up that she held title to the
lots in question, and asked that the order authorizing the sale be
revoked. The prayers of her petition were granted, and the re-
ceiver was directed to complete the houses. This intervention was
turned over to the receiver, and was never filed as a part of the
record in said case until June 15th, 1925, although repeated ef-
forts had been made by all parties concerned to find it. It was
finally located in the hands of the attorney for the Colonial Trust
Company. From June 28th, 1924, up until April 16th, 1925, ap-
parently and from the record in said case, the receiver took no
further action with reference to the settlement of the issues in-
volved, or the disposal of the property involved in said litigation.
Taxes were allowed to accrue against said property, and said prop-
erty was bought in at a tax sale by Chas. E. Thomas. When
Chas. E. Thomas was going to take possession of said property
Mrs. Mary E. Coker paid him something like $700, and got a deed
to said property. After she got a deed to the property she went
into possession of it. After she took possession of said property
the receiver wrote her a letter on January 10th, 1925, asking that
she surrender possession of said property or pay the rents thereon.
Mrs. Coker refused to do either one, claiming that she had title
to the property. Nothing more was done by the receiver in an
effort to get possession of said property until the 16th day of
April, 1925, when a rule was granted by the Hon. J. B. Hutcheson,
judge of DeKalb superior court, during vacation. Said rule was
heard on May 23rd, 1925, during vacation, the March term of De-
Kalb superior court having been adjourned by order of court on
March 11th, 1925. On February 11th, 1925, before the rule nisi
was granted on April 16th, 1925, Mrs. Coker filed an intervention
in said case in lieu of the lost intervention, and set up that she
was in possession of said property and claimed title thereto

23

against all parties interested in said lawsuit. She claimed that her title was derived from the fact that the purchase-price of said lots was never paid by W. W. Haden, and on the further ground that she had a deed from Chas. E. Thomas, which deed was based on a tax deed more than one year old, and that said deed had ripened into a good title. The rule brought against Mrs. Mary E. Coker on April 16th, 1925, asked that she be required to place said house, known as 90 Woodlawn Avenue, back on the lot from which she had moved it, and that she be held in contempt of court for moving said house and for not paying rent thereon. On May 23rd, 1925, the court entered an opinion and order, in which he set up that Mrs. Coker had not come into court with clean hands, and that she had interfered with the court's management of the property involved, and for this reason she was in contempt of court; that she could purge herself of said contempt by replacing the house moved by her back on the lot from which she moved same, within four weeks, and by the payment of costs. In said order the court also directed that in the event she failed to remove said house as therein ordered, that her intervention would not be heard or considered by the court, and that the same would stand denied and dismissed without any further order of court, and without any further hearing from Mrs. Coker."

*McElreath & Scott,* for plaintiff in error.

*W. T. Moyers, Fuller & Bell,* and *Alston, Alston, Foster & Moise,* contra.