28522. DEASON *v.* THE STATE.

DECIDED OCTOBER 11, 1940.

*Victor Davidson*, for plaintiff in error.
*C. S. Baldwin Jr.*, solicitor-general, *T. T. Purdom*, contra.

BROYLES, C. J. An indictment containing two counts was returned against Mrs. M. J. Deason. Count 1 charged her with forgery, and count 2 with uttering the forged instrument. General and special demurrers to each count were overruled, and the defendant excepted.

Count 1 of the indictment (formal parts omitted) reads as follows: "The grand jurors selected, chosen, and sworn for the County of Wilkinson, to wit [here follow the names of the grand jurors], in the name and behalf of the citizens of Georgia charge and accuse Mrs. M. J. Deason . . with the offense of forgery; for that . . [she] on the 26 day of May . . 1934, in the

county aforesaid, did . . fraudulently . . forge . . the signature of Mrs. Ruby Pounds and the signature of Anna Bell Layfield to the following instrument, to wit: 'To A. S. Boone, Administrator: You are hereby authorized to direct the clerk of the superior court of Wilkinson County to cancel the execution in favor of you as administrator against M. J. and W. M. Deason, as the same has been fully paid, and we, the undersigned, being all of the heirs, have been paid and satisfied. This 26 day of May, 1934.

"J. W. Layfield, C. D. Hall, C. M. Layfield, Mrs. Ruby Pounds, Anna Bell Layfield.

"Heirs at law of Crawford Layfield, deceased.

"To the clerk of the superior court of Wilkinson County: By virtue of the above order and authority you are hereby authorized to cancel the above described execution and mark the record satisfied. This the 7th day of June, 1934.

"A. S. Boone, administrator of the estate of Crawford Layfield."

"Said . . forging . . of said signatures being done with intent to defraud the said Mrs. Ruby Pounds and the said Anna Bell Layfield."

Count 2 reads as follows: "And the grand jurors aforesaid, on their oaths aforesaid, do further charge and accuse the said Mrs. M. J. Deason with the offense of a felony; for that the said accused did, on the 26th day of May, 1934, in said county, fraudulently utter, publish, pass and tender the same, knowing the said writing to be forged as to the signatures of Mrs. Ruby Pounds and Anna Bell Layfield, with intent to defraud the said Mrs. Ruby Pounds and the said Anna Bell Layfield, the said instrument so fraudulently uttered . . being the same instrument set out in the first count of this indictment."

The general demurrer to the first count is substantially as follows: (1) No criminal offense is set out. (2, 3) The count shows on its face that the defendant could not be guilty of forging the signatures of Mrs. Ruby Pounds and Anna Bell Layfield to said instrument alleged in the count, since it appears from the count that there were no signatures to the instrument, but merely the typewritten names of Mrs. Ruby Pounds and Anna Bell Layfield, and the typewriting of names to an instrument is not a penal offense. (4) Said instrument could not have been the means of defrauding said Mrs. Ruby Pounds and Anna Belle Layfield. (5)

Said count shows on its face that the instrument was typewritten by other parties than the defendant. (6) The count shows on its face that the grand jury must have intended to state that the instrument set out therein was a copy of the instrument which was alleged to have been forged; but, because of the failure to so state in the count, the count "is a nullity." The special demurrer to count 1 alleges: (1) The count is vague and lacking in certainty. (2) The instrument alleged to have been forged is not such an instrument as is forbidden to be forged by the laws of Georgia. (3) The instrument could not have been the means of carrying out any intent to defraud Mrs. Ruby Pounds and Anna Bell Layfield. (4) The instrument shows on its face that the only person who could have been defrauded was A. S. Boone, or the estate of which he was administrator. (5) The instrument alleged to have been forged has no signatures of Mrs. Ruby Pounds or Anna Bell Layfield. It will be observed that several of these alleged special demurrers are really general in their nature.

The general demurrer to the second count alleges that the count sets out no offense punishable by the laws of Georgia. The special demurrer to the second count states: (1) The count fails to allege that the grand jurors made their charge and accusation against the defendant "in the name and behalf of the citizens of Georgia," which omission is contrary to the requirement of the Georgia law. (2) The count does not state that the defendant uttered or published the alleged forged instrument "as true" as required by the Georgia law, and because of such omission the count is fatally defective.

We can not agree to the contention that it appears on the face of count 1 that there were no written signatures to the alleged forged instrument, but merely typewritten names. The instrument set out in the count is enclosed by quotation marks which show that it was merely a copy of the original forged instrument. Nor does it appear from the allegations of count 1 that the alleged forged instrument could not have been the means of defrauding Mrs. Ruby Pounds and Anna Bell Layfield, nor that the only person who could have been defrauded was A. S. Boone or the estate of which he was administrator, as alleged in the demurrer. We are satisfied that count 1 of the indictment set out a criminal offense against the defendant, and was not subject to any of the demurrers inter-

posed. There is no merit in paragraph 1 of the special demurrer to count 2. "An indictment containing two counts was headed, 'Georgia, Baldwin County. In the superior court of said county.' The first count began: 'The grand jurors selected, chosen, and sworn for the County of Baldwin, to wit: [jurors' names] in the name and behalf of the citizens of Georgia, charge and accuse,' etc. The second count began: 'And the jurors aforesaid, on their oaths aforesaid, do further charge and accuse,' etc. *Held,* that the second count . . should not be stricken on demurrer on the ground of the omission to state that the charge against the accused is made 'in the name and behalf of the citizens of Georgia.'" *Braxley* v. *State,* 143 *Ga.* 658 (85 S. E. 888). Nor was the second count fatally defective because it failed to allege that the defendant uttered the alleged forged instrument "as true." Evidently both counts of the indictment were drawn under section 26-3914 of the Code which relates to the forging and uttering of "other writings," and the words "as true" are not contained in that section. The decision in *Gibson* v. *State,* 79 *Ga.* 344 (5 S. E. 76), cited by counsel for the plaintiff in error, is not here applicable; for the indictment in that case was evidently drawn under another section of the Code. The second count of the indictment set out a criminal offense against the accused. The court did not err in overruling the demurrers to the indictment. The authorities cited in behalf of the plaintiff in error are distinguished by their particular facts from this case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*